**GORDON, Appellee,**

v.

**GORDON, Appellant.**

[Cite as *Gordon v. Gordon* (2001), 144 Ohio App.3d 21.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77457.

Decided June 4, 2001.

22

*James C. Nixon,* for appellee.

*Zashin & Rich Co., Robert J. Fedor* and *Robert M. Fertel,* for appellant.

---

FRANK D. CELEBREZZE, JR., Judge.

The appellant, Nelson Gordon, appeals from the judgment entry overruling his objections to the magistrate's decision and ordering the relief recommended by the magistrate. For the reasons set forth below, we affirm.

On November 6, 1995, the appellant and appellee were granted a judgment of divorce through which the appellee was awarded an interest in the appellant's Federal Bureau of Investigation retirement benefits. This matter was effectuated by a qualified domestic relations order ("QDRO") issued by the court on April 3, 1996. This order assigned fifty percent of the marital portion of the appellant's gross monthly annuity to the appellee but failed to address survivorship benefits. In November 1996, the appellee learned from the Federal Office of Personnel

Management that she was not entitled to any survivor benefits under the April 3, 1996 order.

On February 19, 1997, the appellee filed a motion for relief from judgment alleging that the QDRO did not accurately set forth the parties' agreement regarding the appellant's pension. On September 10, 1999, the magistrate issued a decision granting the appellee's motion. On December 21, 1999, the trial court adopted the decision of the magistrate and ordered the appellee to submit a modified QDRO granting her survivorship benefits.

Prior to the issuance of the revised order, the appellant appealed the order granting appellee's motion for relief from judgment, and this court remanded the matter for reconsideration. On July 20, 2000, the magistrate filed her decision with findings of fact and conclusions of law and recommended that the appellant's motion be denied.

The case is now back before this court upon the appellant's sole assignment of error:

"The trial court erred in vacating the qualified domestic relations order (QDRO), filed on April 3, 1996, and by requiring the submission of a QDRO to include survivorship benefits regarding the appellant's federal civil service pension."

The magistrate's decision, including findings of fact and conclusions of law, on appellant's motion for relief from judgment and motion to dismiss stated:

"Pursuant to paragraph II(C) of the separation agreement, the parties acknowledged that Diana Gordon had an interest in Nelson Gordon's pension plan from his employer, the Federal Bureau of Investigation. A Qualified Domestic Relations Order was to be prepared, executed and delivered to the Plan Administrator in order to award Diana Gordon 'her proportionate interest in any and all retirement benefits' of Nelson Gordon.

"On April 3, 1996, the Court issued its Order, Acceptable For Processing Under Civil Service Retirement Service [sic]. That order did not allow for Diana Gordon to receive a survivorship benefit.

\* \* \*

"The prior decision of the court was that the intent of the division of defendant's pension was to include survivorship benefits to plaintiff.

"\* \* \*

"The Court is not attempting to circumvent any federal regulations or give plaintiff any more rights than she was entitled to pursuant to the terms of the pension. The purpose is to give Plaintiff those rights she was entitled to pursuant to the divorce.

"* * *

"If subsequent events occur which make the spouse no longer eligible to receive those survivorship benefits, the administrator under the pension plan would make such a determination not to enforce that portion of the QDRO."

The original separation agreement of the parties established that the appellee would have an interest in the appellant's pension plan from his place of employment, to wit, the Federal Bureau of Investigation. The agreement further stated that both parties were to submit a plan setting out the distribution award to the wife in any and all retirement benefits of the husband. Therefore, when the divorce was granted and the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, set up the distribution of marital property, the pension fund of the appellant and the partial awarding of that fund to the appellee was considered to be part of the original marital distribution judgment entry and separation agreement.

A QDRO is an order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefit payable with respect to a participant under a plan * * *." Employee Retirement Income Security Act of 1974, Section 206(d)(3)(B)(i)(I). A QDRO is generally not modifiable unless the court has expressly reserved jurisdiction to do so. *Schrader v. Schrader* (1995), 108 Ohio App.3d 25, 669 N.E.2d 878.

While a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. R.C. 3105.171(I); *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413; *Redding v. Redding* (Dec. 20, 1999), Clinton App. No. CA99–06–015, unreported, 1999 WL 1238834, citing *Peterson v. Peterson,* (July 12, 1999), Butler App. No. CA98–07–145, unreported, 1999 WL 527793,. Courts have also found ways of granting relief in cases where the results of the finalized QDRO were not in accord with the court's original intent.

In *Weller v. Weller* (1996), 115 Ohio App.3d 173, 684 N.E.2d 1284, the Lucas County Court of Appeals found that the trial court retained jurisdiction to return to the issue of pension benefits and to clarify the true meaning of a QDRO and a separation agreement. In this case, there was confusion over the meaning of the QDRO as it related to the parties' separation agreement. Neither the separation agreement nor the QDRO addressed the issue of temporary benefits, even though the appellee was receiving the benefits. " '[A] court may clarify disputed terms of a separation agreement as they relate to a division of such property. Where the disputed clause in the agreement is subject to more than

one interpretation that * * * is ambiguous, the court has broad discretion in clarifying the ambiguous language by considering not only the intent of the parties but also the equities involved.'" *Id.* at 179, 684 N.E.2d at 1288, quoting *Avers v. O'Boyle* (Sept. 23, 1994), Ottawa App. No. 93–OT–061, unreported, 1994 WL 518134, citing *Bond v. Bond* (1990), 69 Ohio App.3d 225, 228, 590 N.E.2d 348, 349–350. The court, therefore, had the jurisdiction to revisit the issue of pension benefits in order to clarify the meaning of the QDRO and the separation agreement.

In the case at bar, the magistrate's intent was merely to clarify a point that had been inadvertently left out of the order. The court used the survivorship rights as part of the calculation of the appellant's and appellee's shares of the marital estate. Therefore, by granting the appellee's relief from judgment and reissuing a new order in the spirit of what had been the intent of the two parties, the actions of the lower court were simply to clarify a mistake made in the earlier order. Appellant's assignment of error is without merit.

*Judgment affirmed.*

BLACKMON, P.J., and KILBANE, J., concur.