REVIEW
{¶ 1} This is an accelerated appeal of the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying the motion of appellant, Dorothy C. Murphy, to hold appellee, Thomas M. Murphy, in contempt of court.
 {¶ 2} On May 19, 2000, the trial court issued a judgment entry divorcing appellant and appellee, and dividing the marital property. As a part of its property disbursement, the trial court ordered that:
 {¶ 3} "Wife is awarded Husband's Ohio National Life Policy (CSV of $9,781.27) Husband's American General Life Policy (CSV $8,372.20) and her American General Life Policy (CSV $760.25)."
 {¶ 4} The trial court also ordered that:
 {¶ 5} "[a]n equal division of the marital estate cannot be accomplished until the marital residence is sold. Once it is sold, Wife shall receive the net proceeds of the sale, once reasonable costs of the sale are deducted from the sales price.
 {¶ 6} "HUSBAND WILL THEN PAY WIFE THAT AMOUNT WHICH WILL RESULT IN AN EQUAL DIVISION OF THE MARITAL ESTATE." (Emphasis sic.)
 {¶ 7} Thus, under the terms of the court's order, appellee appellant was to receive the proceeds of the sale of the marital residence. After the sale price of the house was known, appellant appellee was then to pay appellee appellant whatever amount was required to equalize the property division.
 {¶ 8} Some time after the trial court entered its judgment, the marital residence was sold. On September 5, 2991, appellee tendered a check to appellant for the amount of $36,557.62. $18,404.15 of the check was to equalize the court's distribution of the marital assets after the marital residence was sold. The remainder of the check was the cash surrender values of appellee's life insurance policies that the court awarded to appellant.
 {¶ 9} Appellant rejected the check, and, on October 2, 2001, filed a motion for contempt against appellee. Appellant's motion alleged that appellee was in contempt of the court's order because he failed to transfer the life insurance policies to her and because appellee failed to pay her the amount necessary to equalize the distributions of the marital estate.
 {¶ 10} After a hearing, at which both parties testified, the magistrate issued a decision. The magistrate interpreted the provision in the judgment entry awarding the life insurance policies to appellant to mean that appellant was entitled to the cash value of the life insurance policies on the date of the judgment entry. The magistrate based his decision on the fact that the court indicated that it was dividing the property equally and that the court relied on the cash surrender values of the policies rather than the face values of the policies when dividing the marital property. The magistrate also referred to: the fact that these policies were "key man" policies for appellee's business; discussions between the trial court judge who issued the judgment entry, indicating that he intended that appellant receive the cash values of the policies; and, the fact that appellee continued to pay the premiums on the policies during the seventeen month period between the court's order and the contempt proceeding. The magistrate concluded that, because appellee was not required to turn over the policies themselves and because he remained in a position to make the payment required to equalize the property distribution, appellee was not in contempt of court.
 {¶ 11} The trial court approved the magistrate's decision. Appellant subsequently filed objections to the magistrate's decision. The trial court overruled appellant's objections on their merits, and reiterated its adoption of the magistrate's decision. From this decision, appellant filed a timely appeal asserting the following assignments of error:
 {¶ 12} "[1.] [t]he trial court erred in modifying a property division award entered as part of the decree of divorce when it without [sic.] jurisdiction to do so.
 {¶ 13} "[2.] [t]he trial court erred in failing to find the husband in contempt for his failure to comply with the trial court's order."
 {¶ 14} DISCUSSION:
 {¶ 15} In appellant's first assignment of error, she argues that the trial court erred, because it modified its distribution of property. Appellant argues that a trial court may not retain jurisdiction to modify its property division, and that the court's distribution was not ambiguous and did not require interpretation. Appellee counters that the trial court expressly retained jurisdiction to ensure the equalization of the property division, after the marital residence was sold, and that the trial court's original judgment entry was ambiguous with respect to the policies.
 {¶ 16} A trial court's distributive award of marital property is not subject to future modification by the court. R.C. 3105.171(I). However, "[w]hile a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment." Gordon v. Gordon (2001),144 Ohio App.3d 21, 24.
 {¶ 17} Thus, the trial court had continuing jurisdiction to construe its property division and clarify ambiguous clauses. SeeMcKinney v. McKinney (2001), 142 Ohio App.3d 604, 608. A clause is ambiguous when it is reasonably susceptible to more than one meaning.Id. at 609. In this case, the clause that awarded the policies to appellant was ambiguous. The judgment entry did not specify whether appellant was to receive the cash value of the policies or the policies themselves. If the policies themselves were to be awarded, the trial court did not specify who would pay the premiums for the policies, and the court used the cash value of the policies when creating an equal division of the marital property. Because of this, the court's order was ambiguous and the trial court retained jurisdiction to clarify and construe its order.
 {¶ 18} Appellant's first assignment of error is without merit.
 In her second assignment of error, appellant argues that the trial court erred by refusing to hold appellee in contempt of court. Appellant argues that appellee should have been held in contempt because he failed to deliver the actual life insurance policies to her.
 {¶ 19} A trial court's decision in a contempt proceeding will not be reversed absent an abuse of the court's discretion. Szymczak v.Szymczak (2000), 136 Ohio App.3d 706, 713. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} In this case, the court found that appellee was not required to transfer the life insurance policies themselves to appellant. The evidence adduced at the contempt hearing shows that appellee tendered a check for the cash values of the life insurance policies and for the amount required to equalize the property division. Appellant rejected appellee's check several times. The court found that appellee continued to be "ready, willing and able" to comply with the court's property distribution order. In light of these findings, and after a review of the record, we find that appellee complied with the terms of the court's order. Because appellee was not in violation of the court's order, the court did not abuse its discretion by refusing to hold appellee in contempt of court.
 {¶ 21} Appellant's second assignment of error is without merit.