OPINION
{¶ 1} Plaintiff-appellant, Vernon Byron Veidt, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying both his motion to clarify the terms of the divorce decree regarding retirement benefits and his motion for relief from judgment.
 {¶ 2} Appellant and defendant-appellee, Juanita Cook (fka Juanita Veidt), were divorced on August 16, 2000. One of the provisions in the divorce decree dealt with appellant's retirement benefits and provided that:
 {¶ 3} "Husband * * * presently has an interest in two retirement funds: One Group Mutual Fund, valued at $114,470.04 and a Fifth Third Profit Sharing Plan valued at $5,332.72. * * * The parties acknowledge that the One Group Mutual Funds consists partially of funds acquired by Husband prior to the marriage * * * [and] that [$37,226.36] are of a premarital nature and are the separate property of Husband Accordingly, Husband's portion of that amount — $37,226.36 — shall be subtracted from the current balance of the One Group Mutual Funds ($114,480.04), leaving a marital portion of $77,243.68 which shall be divided equally (50%-50%) by the parties. In other words, [wife] shall receive, as and for her marital portion of the One Group Mutual Funds Account, the sum of $38,621.84. Further, [wife] shall be entitled to receive the sum of $2,666.36, representing her one-half interest in the Fifth Third System Profit Sharing Plan which has an approximate balance of $5,332.72. Accordingly, the respective sums of $38,621.84 and $2,666.36 shall be affected [sic] by a QDRO [Qualified Domestic Relations Order], naming Wife as Alternate Payee. The intent of the QDRO is to fairly distribute to the Alternate Payee her share of the marital portion of the retirement plan. In the event there is a defect in the wording of the QDRO which precludes that intended outcome, the court shall retain jurisdiction to modify the ODRO [sic] as to form."
 {¶ 4} During the next two years, counsel for each party encountered numerous delays in arriving at acceptable QDROs. Meanwhile, according to appellant, the balance of his retirement funds plummeted substantially. In December 2002, Juanita's counsel eventually submitted two proposed QDROs, one for each retirement fund. The QDROs granted Juanita $38,621.84 under the One Group Mutual Fund and $2,666.36 under the Fifth Third Profit Sharing Plan as set forth in the divorce decree. Appellant objected to the proposed QDROs on the ground they did not comport with the intent of the divorce decree.
 {¶ 5} On July 15, 2003, appellant filed a motion to clarify the terms of the divorce decree regarding the retirement benefits. Appellant argued that by awarding Juanita the actual dollar amounts listed in the divorce decree, the proposed QDROs awarded Juanita a substantially larger portion of his pensions than was intended by the parties. According to appellant, the intent of the divorce decree was to first subtract appellant's non-marital portion from the current balance of the One Group Mutual Fund, and then divide the remaining balance equally between Juanita and him.
 {¶ 6} Alternatively, appellant filed a Civ.R. 60(B)(4) motion for relief from judgment. Appellant argued that the divorce decree awarded "very specific amounts to ensure that [he] receives his full premarital interest in those accounts, leaving the marital portion subject to equal division. However, due to the delay and the declining balances in these accounts, it is no longer equitable [to] give such a judgment prospective application[.]"
 {¶ 7} On August 7, 2003, the trial court denied both motions: "The Court finds that [appellant] is not entitled to 60(B) relief because the facts of this case do not fit within the criteria set out in Sections 1 through 5 of that rule. Regarding the issue of clarification, the Court finds that clarification is not indicated. The Decree of Divorce is very clear regarding the division of the pension plans. What [appellant] is asking is that two and a half years later this Court modify the division of pensions in order to arrive at a more equitable distribution given the decline in the Market from the date of the hearing till present. This * * * would constitute a modification of a property division. This Court lacks jurisdiction to make such a modification[.]" This appeal follows in which appellant raises two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred to the prejudice of appellant by concluding it did not have jurisdiction to clarify the division of retirement funds set forth in its own judgment."
 {¶ 10} Revised Code 3105.171(I) prohibits a trial court from modifying a previous property division. However, while a trial court does not have continuing jurisdiction to modify a property division incident to a divorce, it has the power to construe its original property division and clarify ambiguous clauses so as to effectuate its judgment. See Gordonv. Gordon (2001), 144 Ohio App.3d 21; McKinney v. McKinney (2001),142 Ohio App.3d 604. A clause is ambiguous when it is reasonably susceptible to more than one meaning. McKinney at 609.
 {¶ 11} The trial court found that the divorce decree was very clear regarding the division of the pension plans. We agree. The divorce decree clearly grants Juanita as her marital portion of the retirement funds the sums of $38,621.84 and $2,666.36. This award is based upon the clear language that the marital portions of both funds, to wit $77,243.68 and $5,332.72, be divided equally between the parties. The fact that appellant's retirement funds have suffered a decline in value does not render the terms of the divorce decree regarding the division of the retirement benefits ambiguous. The trial court cannot clarify what is not ambiguous. We therefore find that the trial court did not err by denying appellant's motion to clarify. Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred to the prejudice of appellant by denying appellant's motion for relief from judgment with respect to appellant's retirement benefits."
 {¶ 14} A trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment will not be reversed on appeal absent an abuse of discretion. Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 150-151.
 {¶ 16} Appellant filed his motion under Civ.R. 60(B)(4). Pursuant to Civ.R. 60(B)(4), a trial court may relieve a party from a final judgment if "it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986),24 Ohio St.3d 141, 146.
 {¶ 17} Appellant argues that the two-year delay between the divorce decree and the proposed QDROs and the resulting decline in value of his retirement funds now render the retirement benefits provision of the divorce decree inequitable. While the parties could not foresee or control the two-year delay in submitting the QDROs, it was clearly foreseeable at the time of the divorce decree that appellant's retirement funds might decrease (or increase) in value. See Brown v. Brown (Sept. 6, 1996), Greene App. No. 96-CA-11 (husband's Civ.R. 60[B][4] motion properly denied where it was foreseeable that husband's stock options might decrease in value); Tabor v. Tabor, Mahoning App. No. 02-CA-73, 2003-Ohio-1432 (wife's Civ.R. 60[B][4] motion improperly granted where it was foreseeable that value of husband's pension might increase over time). The trial court, therefore, did not abuse its discretion by overruling, even summarily, appellant's Civ.R. 60(B)(4) motion for relief from judgment.
 {¶ 18} Appellant also argues that the trial court erred by not granting his motion under Civ.R. 60(B)(5). While Civ.R. 60(B)(5) is a catch-all provision reflecting the inherent power of a trial court to relieve a person from the unjust operation of a judgment, it only applies when a more specific provision does not apply. Strack,70 Ohio St.3d at 174. In addition, Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105. There are no such circumstances here. The trial court, therefore, did not abuse its discretion by not granting appellant's motion for relief pursuant to Civ.R. 60(B)(5). Appellant's second assignment of error is overruled.
Judgment affirmed.
Powell and Walsh, JJ., concur.