Shaw, Judge.
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
{¶ 2} Appellant Linda Kuntz, n.k.a. Linda Rodgers (“Linda”), appeals from the January 19, 2009 judgment entry of the Court of Common Pleas of Henry County, Ohio, Domestic Relations Division, determining what portion of the proceeds from the sale of a home belonging to A. David Kuntz (“David”) Linda was entitled to pursuant to a decree of dissolution filed on March 19, 1984.
{¶ 3} David and Linda were married on August 10,1968. On March 19,1984, a decree of dissolution was filed. Part of the decree of dissolution provided as follows, with respect to real property that was jointly owned:
Wife shall convey to Husband, by Quit Claim Deed, all of her rights, title and interest in and to the following described real property currently titled in the *156 parties’ joint names and which has served as the marital residence of the parties * * *.
* * :|:
Simultaneous with his receipt of said Quit Claim Deed from Wife, Husband shall pay to Wife the sum of Eleven Thousand Dollars ($11,000.00). Husband further agrees that should he sell said real property for more than Thirty-eight Thousand Dollars ($38,000.00), he shall pay to Wife one-half (1/2) of the net proceeds of said sale, provided Wife is alive at the time said sale is closed. Said net proceeds shall be computed by subtracting Thirty-eight Thousand Dollars ($38,000.00) as well as any realtor’s commission, attorney’s fees, title expense, conveyance fee, and prorated taxes associated with said sale from the sale price.
{¶ 4} On January 21, 2005, Linda filed an affidavit to assert her claim in the real property with the office of the recorder of Henry County, Ohio. On August 10, 2007, David sold the marital residence for $76,000. After subtracting any realtor’s commission, attorney fees, title expense, conveyance fee, and prorated taxes associated with the sale from the sale price, the net proceeds from the sale equaled $73,135.70.
{¶ 5} On October 15, 2007, David filed a complaint for declaratory judgment asking the court to determine what portion of the proceeds from the sale of the house Linda was entitled to receive. David asserted that during the time between the dissolution and the sale of the home, he put over $27,000 of improvements into the home to increase its value. Linda filed an answer on November 2, 2007, asserting that she was entitled to one half of all net proceeds in excess of $38,000.
{¶ 6} David filed a memorandum with the court on June 30, 2008, asserting that he was entitled to all of the proceeds from the sale of the house. Linda filed a reply memorandum on July 11, 2008. A hearing was held on this matter on October 8, 2008. During the hearing, Linda moved for a directed verdict and also filed a written motion asking that the net proceeds from the sale in excess of $38,000 be divided equally between the parties, despite the increase in value over the years due to David’s improvements on the residence.
{¶ 7} The court issued its decision on January 16, 2009. The trial court made the following factual observation concerning the original dissolution provision:
The evidence presented at hearing showed that the original $11,000 marital equity payout was based upon the value of the marital residence at $38,000.00. That figure represented the value established in the higher of two appraisals prepared at that time, less the approximate mortgage balance on the marital residence of $16,000.00, leaving $22,000.00 in equity to be evenly divided *157 between Husband and Wife. The Wife was not satisfied with the appraisals, believing them to be low, and, therefore, the agreement was reached that proceeds from the sale of the residence over $38,000.00 would be equally divided between the parties, in order to allow her to share in what she believed was the actual fair market value of the property should the Husband sell the premises for more than the appraised valued.
{¶ 8} The trial court held that the original provision of the dissolution decree was ambiguous with regard to what would happen if the property was sold after permanent improvements were made to the home. Based on the finding of ambiguity, the trial court determined that Linda was entitled to one half of the net proceeds of the sale, after the value of permanent improvements to the residence was subtracted. In reaching this conclusion, the court engaged in the following calculation:
$73,135.70 (proceeds from sale of home)
- $24,017.15 (cost for permanent improvement)
$38,000.00 (appraised value of residence at time of agreement)
= $11,118.55 (net proceeds from sale)
$11,118.55 2 = $5,559.27 (share of net proceeds for husband and wife)
{¶ 9} Linda now appeals, asserting three assignments of error.
ASSIGNMENT OF ERROR I
The trial court erred when it faded to apply Ohio Revised Code § 3105.171(1) which prohibits modification of a division of disbursement of property in a dissolution decree.
ASSIGNMENT OF ERROR II
The trial court erred when it denied the appellant’s Civil Rule 50 motion for directed verdict as the court lacked jurisdiction to modify a division or disbursement of property in a dissolution decree.
ASSIGNMENT OF ERROR III
The trial court erred when it applied contract principles to a property settlement distribution in a decree of dissolution when Ohio Revised Code § 3105.171(1) prohibits modification.
{¶ 10} In her first assignment of error, Linda argues that the trial court erred by failing to follow R.C. 3105.171(1), which prohibits modification of the distribution of property made in a decree of dissolution. R.C. 3105.171 provides that “[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court.”
*158 {¶ 11} Therefore, once a court has made an equitable property division, it has no jurisdiction to modify its decision. R.C. 3105.171(1); Knapp v. Knapp, 4th Dist. No. 05CA2, 2005-Ohio-7105, 2005 WL 3642718, ¶ 40; Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 751, 673 N.E.2d 156. However, the trial court does retain jurisdiction to “ ‘clarify and construe its original property division so as to effectuate its judgment.’” Knapp, 2005-Ohio-7105, 2005 WL 3642718, at ¶ 40, quoting McKinley v. McKinley (June 27, 2000), 4th Dist. 99CA52, 2000 WL 897994. See also Kingery v. Kingery, 3rd Dist. No. 8-05-02, 2005-Ohio-3608, 2005 WL 1662022. Thus, a trial court has the authority to properly clarify the meaning of a decree in the event the decree is ambiguous. McKinney v. McKinney (2001), 142 Ohio App.3d 604, 608, 756 N.E.2d 694.
{¶ 12} Therefore, the first question before this court is whether the term of the original dissolution decree is ambiguous. “An ambiguity arises ‘when a provision in an order or decree is reasonably susceptible of more than one meaning.’ ” Kingery, 2005-Ohio-3608, 2005 WL 1662022, at ¶ 12, quoting McKinney, 142 Ohio App.3d at 609, 756 N.E.2d 694. However, mere silence on an issue or a failure to address it does not create an ambiguity where none otherwise exists. Pierron v. Pierron, 4th Dist. Nos. 07CA3153 and 07CA3159, 2008-Ohio-1286, 2008 WL 746948, at ¶ 10. See also Thomas v. Thomas (April 26, 2001), Franklin App. No. 00AP-641, 2001 WL 422967.
{¶ 13} The Fourth District Court of Appeals has concluded that the question whether an ambiguity exists in a prior decree is a question of law. Pierron. We review questions of law de novo. Adams v. Crawford Cty. Bd. of Commrs., 3rd Dist. No. 3-07-19, 2007-Ohio-6966, 2007 WL 4488793; Willier v. Willier, 175 Ohio App.3d 793, 2008-Ohio-740, 889 N.E.2d 575.
{¶ 14} In finding ambiguity in the present case, the trial court made the following findings:
The Defendant argues that the Court should find the Agreement ambiguous due to the fact that it does not address what was to happen in the event the Defendant made permanent improvements to the residence before the property was sold. * * * The Court finds Defendant’s argument on this issue well taken.
{¶ 15} In the present case, the decree of dissolution provided for the distributions from the sale of the house “provided wife is alive.” The court did not put a time limit on the sharing of the proceeds of the sale of the house as long as the sale occurred in Linda’s lifetime. Therefore, it appears that the trial court contemplated a clear time for the sale and chose not to limit the time for the sale any further than Linda’s lifetime.
*159 {¶ 16} Moreover, the trial court clearly defined the term “net proceeds.” Included in its definition were “realtor’s commission, attorney’s fees, title expense, conveyance fee, and prorated taxes associated with said sale.” Therefore, it is apparent that the parties and the trial court, at the time of the dissolution decree, contemplated what would be subtracted in computing the net proceeds from the sale.
{¶ 17} As a result, we find nothing ambiguous in the dissolution decree as it is written. Although the trial court found that the decree was ambiguous, we cannot agree with the trial court’s reliance on the failure of the decree to make any reference to permanent improvements to make its finding of ambiguity. On the contrary, we find that the decree clearly provides the manner and amount of a property distribution upon sale of the house.
{¶ 18} Accordingly, Linda’s first assignment of error is sustained. Because our resolution of the first assignment of error is dispositive of this appeal, we find the remaining two assignments of error to be moot.
{¶ 19} Based on the foregoing, the January 19, 2009 judgment entry of the Court of Common Pleas of Henry County, Ohio, Domestic Relations Division, is reversed.
Judgment reversed and cause remanded.
Willamowski, J., concurs.
Rogers, J., concurs separately.