[Cite as *Hines v. Hines*, 2010-Ohio-4807.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

LOIS HINES,

    PLAINTIFF-APPELLEE,           CASE NO. 9-10-15

    v.

PAUL HINES,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Domestic Relations Division
Trial Court No. 04-DR-0282

**Judgment Affirmed**

Date of Decision:    October 4, 2010

APPEARANCES:

    *Kevin P. Collins*  for Appellant

    *Robert E. Wilson*  for Appellee

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Paul Hines ("Paul"), appeals the judgment of the Marion County Court of Common Pleas, Family Division, denying his motion to modify the spousal support and property division orders that were part of the 2005 judgment entry granting a divorce from Plaintiff-Appellee, Lois Hines ("Lois"). Paul argues that the trial court erred when it did not modify the spousal support order due to his changed circumstances and that the trial court should have exercised its equitable powers to modify the property division order pertaining to his PERS retirement funds. For the reasons set forth below, the judgment is affirmed.

{¶2} Paul and Lois were married on November 10, 1986, and were granted a divorce on April 6, 2005. At the time of the divorce, Paul was 60 years old and Lois was 67 years old; there were no minor children involved. The trial court adopted the parties' stipulations as to many of the issues and decided the remaining issues concerning the division of personal and real property, marital assets and liabilities, and spousal support. Pertinent to this appeal, the trial court found that Paul's PERS retirement benefit was a marital asset and ordered that the marital portion should be equally divided through a Division of Property Order ("DOPO"). The parties' real property on Holland Road was to be sold, with the proceeds to be divided equally after payment of the mortgage and costs of the

sale, and each party was to be responsible for paying certain credit card and other debts. Paul was ordered to pay Lois $50 monthly in spousal support. The trial court retained jurisdiction to modify the terms of the spousal support, including the amount and duration. The trial court also reserved jurisdiction over the DOPO "in order to facilitate changes in the legislation and to thereby allow the Court to effectuate its judgment in accordance with law." (Apr. 6, 2005 J.E., p. 9.) The DOPO was filed on May 23, 2005.

{¶3} On September 15, 2009, Paul filed a motion requesting modification of spousal support, modification of the division of property order, and clarification or modification of the order to sell real estate. The trial court held a hearing on Paul's motion and both parties appeared with counsel and testified.

{¶4} First, Paul asserted that he should no longer be required to pay Lois spousal support because he claimed his circumstances have changed significantly. At the time of the original divorce decree in 2005, Paul was in good health and had an income of approximately $42,000 annually from his full-time job with the Department of Corrections, plus income from the V.A. Lois, who was 67 and had not worked in twenty years, had been receiving Social Security of $452 per month and a $23 pension. However, at the time of the divorce, Lois was in prison, so her Social Security income was suspended. In March of 2005, Lois was sentenced to eight years in prison after being found guilty of one court of conspiracy to commit

murder.[1]  Although Lois did not have many expenses in prison, the trial court ordered the $50 spousal support payments so that Lois would have sufficient funds to purchase toiletries, commissary items, and other necessities.

{¶5} Since the divorce, Paul (now 65) testified that his health has deteriorated significantly; that he has many medical expenses; that he is no longer working, having resigned in September 2008; that he cannot collect his PERS retirement because of pending court cases and the DOPO; that his current monthly income is only $2187 from Social Security and V.A. benefits; that even if he collected his PERS retirement funds, his income would be considerably less than when he was working; and that his credit rating and financial situation has suffered because Lois failed to pay the debts that were assigned to her.  Because of these changes, Paul believes he should no longer be required to pay spousal support.

{¶6} Paul also testified that he has been unable to sell the real estate because Lois would not approve the offers he received.  Also, Lois allowed her relatives to place a lien on the property for money she borrowed for her criminal defense.  Because he was unable to sell the real estate, Paul rented the home to

---

[1] Paul had previously married Dixie Wickham ("Dixie") in 1968, and they divorced in 1972.  Paul then met Lois and they began living together and were married.  In July of 2004, Paul separated from Lois, moved out of their residence, re-established a relationship with Dixie and moved in with Dixie.  Dixie and Lois had been long-time friends.  In the fall of 2004, Lois attempted to hire someone to kill Dixie.  A jury found Lois guilty of conspiracy to commit murder and she was sentenced to eight years in prison.  See *State v. Hines*, 3d Dist. No. 9-05-13, 2005-Ohio-6696.  Lois is currently at the Ohio Reformatory for Women with a scheduled release date of January 30, 2013.  Paul and Dixie remarried in May of 2006.

cover expenses and the renters completely "trashed" the property, resulting in additional expenses and a lower valuation.

**{¶7}** Finally, Paul requested that the court use its equitable powers to modify the DOPO so that he would not have to share his PERS retirement with Lois. The reason for this was that Paul was the assignee of a $100,000 judgment against Lois. In June 2009, the Marion County Court of Common Pleas found in favor of Dixie (Paul's current wife – see fn. 1) in the case captioned *Dixie Wickham nka Hines v. Lois Hines*, Case Number 07-CV00879, and granted a judgment against Lois Hines in the amount of $200,000. Dixie assigned half of that judgment to Paul. Paul argued that it was reasonable, appropriate and equitable under the circumstances to modify the DOPO, using his assigned share of the judgment as a set-off against Lois' share of the PERS retirement.

**{¶8}** On January 21, 2010, the trial court filed its judgment entry denying the motion to modify spousal support and denying the motion to modify the division of property. The trial court did grant Paul the authority to enter into a contract to sell the Holland Road real estate without the participation or cooperation of Lois. It is from this judgment that Paul timely appeals, raising the following three assignments of error for our review.

### First Assignment of Error

**The family court erred in concluding that it could not, as a matter of law, modify a division of property order.**

**Second Assignment of Error**

**The family court erred in concluding that there had been insufficient circumstances to modify the spousal support order.**

**Third Assignment of Error**

**The family court erred in determining the spousal support order was reasonable and appropriate.**

**{¶9}** Concerning the first assignment of error, the trial court stated that Paul failed to appeal the property order dividing the PERS benefit within the appropriate time, and therefore, the trial court could not, by law, modify the property division. Furthermore, the trial court stated:

> **The purpose of this Court is to equitably divide the marital assets and liabilities. It is not the purpose of this Court to exact punishment related to a criminal act, especially when the crime has been tried and punished in the appropriate court of law. Defendant seeks to vacate the Division of Property Order because of the prior criminal conduct of [Lois]. The Court is without jurisdiction to exact punishment as indicated above.**

(Jan. 21, 2010 J.E.)

**{¶10}** On appeal, Paul argues the trial court erroneously concluded that it did not have jurisdiction to modify the property division. Paul maintains that the court has jurisdiction to modify a property award under R.C. 3105.89, which states that "The court shall retain jurisdiction to modify, supervise, or enforce the

implementation of an order described in Section 3105.81 of the Revised Code."[2] Furthermore, he argues that the trial court should have exercised its equitable powers to modify the DOPO.

{¶11} Retirement benefits acquired during a marriage are a marital asset that must be divided equitably between the spouses in a decree of divorce that terminates the marriage. *McKinney v. McKinney* (2001), 142 Ohio App.3d 604, 608, 756 N.E.2d 694. It is well-settled that a trial court lacks jurisdiction to modify a division of property pursuant to a divorce decree. See, e.g., *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 336, 528 N.E.2d 180, *In re Kuntz*, 183 Ohio App.3d 154, 2009-Ohio-3316, 916 N.E.2d 522, ¶11. Once a division of property is established in the divorce decree, that decision "is not subject to future modification by the court." R.C. 3105.171(I). However, a trial court does have the power to clarify and construe its original property division in order to effectuate its judgment. *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 23, 759 N.E.2d 431. And, as Paul noted, R.C. 3105.89 does afford a trial court some continuing jurisdiction over division of property *orders* involving public retirement programs.

{¶12} Paul does not appear to dispute Lois' right to one-half of the marital portion of his PERS retirement benefit. He is not asking the trial court to modify

---

[2] R.C. 3105.80 et. seq. pertain to property division orders involving public retirement programs.

the *property division*; he is requesting the trial court to modify the division of property *order*, the DOPO, specifying the terms of the property division.

{¶13} The problem is that Paul was essentially asking the trial court to circumvent the execution on judgment laws and judgment exemption laws by way of a modification of the division of property division order. Ohio law exempts certain types of property and assets from judgments in R.C. 2329.66, stating:

> **(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:**
>
> **(10) \*\*\*the person's right to a pension, benefit, annuity, retirement allowance, or accumulated contributions, the person's right to a participant account in any deferred compensation program offered by the Ohio public employees deferred compensation board \*\*\*.**

Id. Therefore, Lois' right to the PERS retirement benefit was exempt from Dixie's judgment against her, including the portion that was assigned to Paul. Paul cannot use that judgment as a set-off against Lois' PERS entitlement. Furthermore, a value was never placed on the PERS retirement benefit, so it would not have been possible to calculate a set-off. Paul's first assignment of error is overruled.

{¶14} Paul's second and third assignments of error both claim that the trial court erred when it denied his motion to modify the spousal support order. He contends that there was sufficient change of circumstances to warrant a

modification. And, considering the factors in R.C. 3105.18(C), Paul maintains that it was reasonable and appropriate to terminate the spousal support.

{¶15} Paul cited his voluntary resignation/retirement from his employer in 2008, resulting in a reduction in income, as a change of circumstances warranting spousal support modification. The trial court stated:

> **Although [Paul] is of retirement age he has elected not to collect his pension. He is 65 years of age and is eligible to collect both his pension and his Social Security but he has chosen not to. *** [Paul] cannot now complain that his circumstances have changed due to reduced income since the decision not to collect his benefits is of his own choice. Defendant has failed to mitigate his circumstances. The Court finds that the spousal support Order remains a reason[able] and appropriate amount.**

(Jan. 21, 2010 J.E.)

{¶16} A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at paragraph two of the syllabus. Furthermore, the change in circumstances must not have been purposely brought about by the party seeking modification. *Selanders v. Selanders*, 3d Dist. No. 17-08-28, 2009-Ohio-2303, ¶31, citing *Roach v. Roach* (1989), 61 Ohio App.3d 315, 319, 572 N.E.2d 772. See, also, R.C. 3105.18(F) (stating that a "change of circumstances"

includes, but is not limited to "*** any increase or *involuntary* decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.") (Emphasis added.)

{¶17} A trial court has broad discretion in determining whether or not to modify an existing spousal support award. *Kinworthy v. Kinworthy*, 3d Dist. No. 1-08-43, 2009-Ohio-187, ¶16; *Mottice v. Mottice* (1997), 118 Ohio App.3d 731, 735, 693 N.E.2d 1179. Absent an abuse of discretion, a trial court's decision to modify or not modify a spousal support award will not be disturbed on appeal. *Bostick v. Bostick*, 3d Dist. No. 1-02-83, 2003-Ohio-5121, ¶8, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than an error in judgment; it signifies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶18} The trial court did reserve jurisdiction to modify the spousal support order, but we do not find that it abused its discretion when it determined that Paul's change in circumstances was voluntary and that it was something that was contemplated at the time of the divorce. Paul was entitled to receive approximately $1,500 monthly from PERS, which would increase his monthly income by approximately $750, after Lois received her share. Therefore, at least part of his reduced income is due to Paul's own actions in choosing to postpone

drawing his PERS income. Furthermore, the 2005 divorce decree acknowledged that "Husband is anticipating retirement within the next 3 years," and discussed the amount of potential income that would be available to him at that time. It cannot be said that his change in income was not contemplated at the time the trial court originally ordered the $50 spousal support payments.

{¶19} And finally, even if Paul's change of circumstances would have warranted a review of the spousal support order, the trial court determined that the spousal support remained reasonable and appropriate. Lois' current monthly income is only $18 from her prison employment and $23 from her pension. Although she does not have many expenses, the $50 spousal support allows her to purchase basic necessities that are not provided. Lois is 73 years old and is in poor health. She testified that she cannot always walk the long distance to the prison dining area, especially in inclement weather, making it necessary for her to sometimes purchase food from the commissary. Looking at the R.C. 3105.18(C) factors, we find that it was not unreasonable or arbitrary for the trial court to maintain this minimal amount of spousal support after a twenty-year marriage.

{¶20} Based on the above, Paul's second and third assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concur.**

**/jlr**