[Cite as *Perkins v. Perkins*, 2011-Ohio-2141.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARYANN KAY PERKINS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ANTHONY JOSEPH PERKINS | : | Case No. 10 CAF 11 0090 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Delaware County Court of
Common Pleas, Domestic Relations
Division, Case No. 04DR-A-07-328


JUDGMENT:  Affirmed in part; Reversed in part
and Remanded


DATE OF JUDGMENT ENTRY:  April 27, 2011


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

ANTHONY M. HEALD    JENNIFER A. CARNEY
125 N. Sandusky Street    155 West Main Street
Delaware, OH 43015    Waterford Tower Suite 101
            Columbus, OH 43215

*Hoffman, P.J.*

{¶1}   Defendant-Appellant Anthony Perkins appeals the October 21, 2010 post divorce decree entry of the Delaware County Court of Common Pleas, Domestic Relations Division, relating to the modification of spousal support and transfer of insurance policies.

{¶2}   This case comes to us on the accelerated calendar.  App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

{¶3}   "(E) Determination and judgment on appeal.

{¶4}   "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5}   "The decision may be by judgment entry in which case it will not be published in any form."

{¶6}   This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7}   Appellant and Plaintiff-Appellee Maryann Perkins were divorced on February 8, 2006 after a 24-year marriage.  At the time of the divorce and at the time of the current matter, Appellant was employed as a truck driver with YRC and Appellee was a bus driver for a local school district.  The trial court determined Appellant's income was $82,000 and Appellee's income was $22,000.  At the time of the divorce, the parties had one dependent child.  Appellant was ordered to pay $256.16 per month in child support.  Appellant was also ordered to pay $1,391.66 per month in spousal

support commencing March 1, 2005.  Spousal support terminated upon the Appellee's remarriage, death, or 120 months.  The trial court reserved jurisdiction to modify spousal support.

{¶8}    The Divorce Decree made the following property divisions:

{¶9}    "13. Husband be awarded the following items of intangible personal property:

{¶10}   "* * *

{¶11}   "Reassure, ins., on life of Husband, face amount $200,000, cash value $8,177.37

{¶12}   "Reassure, ins., on life of children, $10,000 each

{¶13}   "Employer, ins., on life of Wife, face amount $ [left blank in Decree]

{¶14}   "* * *

{¶15}   "14. The Wife be awarded the following items of intangible personal property:

{¶16}   "* * *

{¶17}   "Reassure, ins., on life of Wife, face amount $100,000."

{¶18}   The parties did not appeal the Divorce Decree.

{¶19}   On October 14, 2008, Appellant filed a show cause motion as to why the trial court should not hold Appellee in contempt for her failure to transfer the Reassure Life Insurance and her employer-provided life insurance to Appellant.  Appellant also requested attorney's fees.

{¶20} Appellant filed a motion to compel discovery on January 9, 2009. Appellant had served discovery requests upon Appellee and Appellant alleged that Appellee had failed to respond.

{¶21} On January 22, 2009, Appellant filed a Motion for Modification of Spousal Support based on the change in circumstances in the parties' incomes.

{¶22} The trial court held a hearing on the show cause motion and issued a judgment entry on February 26, 2009 stating that Appellee had to respond by February 28, 2009. Appellant filed a second motion to compel discovery on April 1, 2009.

{¶23} On July 20, 2009, the Magistrate held a hearing on the motion for modification of spousal support. The Magistrate's Decision was issued on October 19, 2009. The Magistrate concluded that Appellee should transfer the Reassure life insurance policy to Appellant. As to Appellee's employer-provided life insurance, the Magistrate found the provision in the original Divorce Decree was a mistake and the property division should be corrected to reflect that it is awarded to Appellee. The Magistrate finally determined Appellant's income in 2009 to be $65,000 and Appellee's income to be $27,046. The Magistrate concluded that Appellant's spousal support obligation should be reduced to $1,000 per month effective February 1, 2009.

{¶24} The parties filed objections to the Magistrate's Decision. On October 21, 2010, the trial court ruled on the objections. The trial court sustained Appellee's objection to find that Appellant's income was in 2009 was $77,152. The trial court also took into consideration child support terminating on May 31, 2009. It held that Appellant's child support obligation was $581.32 per month and spousal support obligation was $916.66 per month, effective January 22, 2009. On June 1, 2009,

Appellant's spousal support obligation would be $1333.33, which ultimately is a decrease of $58.33 per month from the original divorce decree.

{¶25} The trial court further found that Appellee was not in contempt for her failure to transfer the Reassure life insurance policy and her employer-provided life insurance policy to Appellant. The trial court did not rule on Appellant's motion for contempt for Appellant's failure to respond to discovery and his request for attorney's fees.

{¶26} It is from this decision Appellant now appeals.

## ASSIGNMENT OF ERRORS

{¶27} Appellant raises six Assignments of Error:

{¶28} "I. THE TRIAL COURT ERRED BY IMPUTING INCOME TO DEFENDANT-APPELLANT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE HEARING IN THIS MATTER.

{¶29} "II. THE TRIAL COURT ERRED IN ITS CALCULATION OF DEFENDANT-APPELLANT'S INCOME WHEN ORDERING TWO SEPARATE SPOUSAL SUPPORT AWARDS, ONE WHILE DEFENDANT CONTINUED TO PAY CHILD SUPPORT AND ONE AWARD FOR AFTER HIS CHILD SUPPORT OBLIGATION TERMINATED.

{¶30} "III. THE LOWER COURT ERRED IN FAILING TO ORDER PLAINTIFF-APPELLEE TO TRANSFER THE REASSURE LIFE INSURANCE POLICY, WHICH WAS AWARDED TO THE DEFENDANT-APPELLANT IN THE DIVORCE DECREE OF FEBRUARY 8, 2006.

{¶31} "IV. THE LOWER COURT ERRED IN REALLOCATING OWNERSHIP OF PLAINTIFF-APPELLEE'S EMPLOYER LIFE INSURANCE POLICY, WHICH WAS

AWARDED TO THE DEFENDANT-APPELLANT IN THE DIVORCE DECREE OF FEBRUARY 9, 2006.

{¶32} "V. THE LOWER COURT ERRED BY FINDING THAT PLAINTIFF-APPELLEE WAS NOT IN CONTEMPT OF COURT FOR HER FAILURE TO TRANSFER BOTH LIFE INSURANCE POLICIES TO DEFENDANT-APPELLANT, PURSUANT TO THE DIVORCE DECREE OF FEBRUARY 8, 2006.

{¶33} "VI. THE LOWER COURT ERRED BY FAILING TO RULE ON DEFENDANT-APPELLANT'S CONTEMPT MOTION AND FAILING TO MAKE AN AWARD OF ATTORNEY'S FEES AS REQUESTED AND PROVEN BY THE EVIDENCE PRESENTED IN THE HEARING ON THIS MATTER."

**I., II.**

{¶34} Appellant argues in his first and second Assignment of Errors that the trial court's decision as to Appellant's spousal support obligation was in error. We consider them together because both Assignments of Error state the trial court erred when it calculated Appellant's income.

{¶35} The modification of spousal support lies in the trial court's sound discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶36} Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists. *Leighner v. Leighner* (1986), 33 Ohio

App.3d 214, 515 N.E.2d 625. "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).

{¶37} The issue before the trial court on July 20, 2009 was the amount of Appellant's salary in 2009 to determine if the modification of spousal support was warranted. The evidence showed that Appellant earned $84,639 in 2006, $79,510 in 2007, and $84,271 in 2008. Appellant estimated from his paystubs through June 2009 that his salary for 2009 would be $67,646.28 based on projected restructuring occurring within Appellant's company and union negotiations on pensions and pay. Appellee argued that Appellant's gross salary for the first quarter of 2009, ending March 28, 2009, was $19,288.88, therefore making Appellant's gross salary for 2009 approximately $77,152.00. The trial court utilized the $77,152.00 figure to calculate Appellant's 2009 income.

{¶38} The parties filed objections to the Magistrate's Decision issued October 19, 2009. The final response was filed by Appellant on May 10, 2010. The trial court ruled on the parties' objections on October 10, 2010. When the trial court ruled on the objections, Appellant's 2009 salary would no longer be a mere approximation, but a fact. However, the only evidence before the trial court was the parties' estimations as to Appellant's 2009 salary as the parties did not ask the trial to take additional evidence of the actual salary pursuant to Civ. R. 53 (D)(4)(b). Based on the evidence presented, we cannot say the trial court abused its discretion in computing Appellant's salary and determining the spousal support obligation.

{¶39} Appellant's first and second Assignments of Error are overruled.

**III., IV., V.**

{¶40} Appellant's third, fourth, and fifth Assignments of Error regard the trial court's determination of the ownership of the Reassure life insurance policy and Appellee's employer-provided life insurance policy. The trial court found that Appellant was not entitled to ownership of the Reassure life insurance policy or Appellee's employer-provided life insurance, so therefore it would not hold Appellee in contempt for her failure to transfer ownership of those policies. We agree.

{¶41} Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Hagan v. Hagan*, Stark App. No.2009CA00148, 2010-Ohio-540, ¶ 12 citing *In re Mittas* (Aug. 6, 1994), Stark App. No.1994CA00053.

{¶42} The Divorce Decree awarded Appellant ownership of the Reassure life insurance policy that provided coverage for Appellant, Appellee, and the parties' children. At the time of the divorce, the policy had a cash value of $8,177.37. Appellant borrowed against the cash value of the policy. On June 20, 2007, Appellant signed ownership of the policy to Appellee. Appellant argued at the hearing that while represented by counsel, he mistakenly signed papers that transferred ownership of the policy to Appellee.

{¶43} Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:

{¶44} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and

observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶45} We find that the trial court weighed the parties' credibility on that issue and did not abuse its discretion when it declined to find Appellee in contempt for her failure to transfer ownership of the Reassure life insurance policy back to Appellant. As noted by the trial court "[o]nce Anthony transferred the policy to Maryann, Anthony no longer had the right to demand the return of the policy under the Decree". October 21, 2010 Judgment Entry, at p. 2.

{¶46} The trial court also did not find Appellee in contempt for her failure to transfer ownership of her employer-provided term life insurance policy to Appellant. While the Divorce Decree awarded Appellant ownership of the policy, the magistrate and trial court determined this was a typographical mistake. The evidence at the hearing showed that Appellee had no control as to the transfer of the employer policy in question, but could only choose the beneficiary. While Appellant argued at the hearing that he would settle for being named a beneficiary of that policy, his motion for contempt was based on Appellee's failure to transfer ownership of the policy.

{¶47} Appellant also argues that the trial court lacked jurisdiction to modify the division of martial property after the entry of the decree of divorce, citing R.C. 3105.17(I) stating, "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."

{¶48} Appellant is correct that a trial court has no authority to reopen an earlier property division order where no appeal was taken from the prior decree and the time to appeal has run. However, this Court has recognized that a trial court has the power to

clarify and construe its original property division so as to effectuate its judgment. See *Wilkins v. Lorenz*, 5th Dist. No. 2008 AP 03 0012, 2009-Ohio-107, ¶18, citing *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 24, 759 N.E.2d 431, citing R.C. 3105.171(I). "If there is good faith confusion over the interpretation to be given a particular clause of a divorce decree, the trial court in enforcing that decree has to the power to hear the matter, clarify the confusion, and resolve the dispute." *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (citations omitted).

{¶49} While we recognize the trial court has the power to clarify and construe its original judgment, it may not change it without following the procedure set forth in Civ.R. 60. The power to clarify and interpret applies only when a good faith confusion over interpretation exists. Such is not the case here. We find a motion for contempt does not allow a trial court to effectuate a change in the property division order.

{¶50} Appellant's third and fifth assignments of error are overruled. Appellant's fourth assignment of error is sustained.

**VI.**

{¶51} Appellant argues in his sixth Assignment of Error that the trial court erred when it failed to rule on his motion for contempt for Appellee's failure to comply with his discovery requests and the trial court's orders to respond to discovery.

**{¶56}** As a general rule, if a trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled. *Swinehart v. Swinehart*, Ashland App. No. 06-COA-020, 2007-Ohio-6174, ¶ 26. However, because Appellant's discovery request and resulting motion to compel were directly related to the Reassure life insurance policy and Appellee's employer-provided

life insurance, it appears the trial court may have summarily disregarded the discovery contempt as moot given its decision on the underlying contempt. We do not find our affirmance of the trial court's decision on the underlying contempt issue renders consideration of the claim for contempt raised in this assignment of error moot. We find the alleged contempt for violation of the trial court's discovery order is a separate issue from the alleged contempt for violation of the original divorce decree. A finding of contempt on the first would not necessarily be inconsistent with the latter.

{¶52} Appellant's sixth Assignment of Error is sustained.

{¶53} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part and remanded.

By: Hoffman, P.J.

Farmer, J. concurs

Delaney, J. concurs in part and dissents in part

s/ William B. Hoffman

_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer

_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

*Delaney, J., concurring in part and dissenting in part*

{¶54} I concur in the majority's analysis and disposition of Appellant's Assignments of Error Nos. I, II, III, and V. However, I respectfully dissent from the majority's disposition of Appellant's Assignment of Error IV and VI and would affirm the trial court's judgment in its entirety.

s/ Patricia A. Delaney _____

JUDGE PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


MARYANN KAY PERKINS           :
                                      :

    Plaintiff-Appellee           :
                                        :

-vs-                              :            JUDGMENT ENTRY
                                        :

ANTHONY JOSEPH PERKINS      :
                                        :

    Defendant-Appellant      :            Case No. 10 CAF 11 0090


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part and remanded for further proceedings in accordance with our Opinion and the law.  Costs to be divided equally.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY