[Cite as *Leclair v. Leclair*, 2012-Ohio-1004.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| DIANNA LECLAIR | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-CA-74 |
| DAN LECLAIR | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Richland County Court
                             of Common Pleas, Domestic Relations
                             Division, Case No. 2006DIV1432


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 8, 2012


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

BYRON D. CORLEY                      DAN LECLAIR
3 North Main Street                  5001 Columbus Avenue
714 Richland Bank Bldg.              Sandusky, OH 44870
Mansfield, OH 44902

*Gwin, P.J.*

{1} Plaintiff-appellant Diana Leclair appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, which construed the decree of divorce and found defendant-appellee Dan Leclair had not violated the terms of the decree and was not in contempt of court. Appellant assigns a single error to the trial court:

{2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT FIND THAT THE JUDGMENT ENTRY DECREE OF DIVORCE REQUIRED APPELLEE TO PAY ONE-HALF OF HIS INCREASE IN VA DISABILILTY MONTHLY BENEFITS TO APPELLANT."

{3} The trial court's judgment of July 26, 2011, set out findings of fact. The court found the judgment entry decree of divorce which was filed on August 15, 2007, provided:

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Defendant-husband shall pay unto Plaintiff-wife one-half (1/2) of husband's VA Disability monthly payments with intent that said monthly payments will assist wife in securing health and medical benefits. At the current time said VA Disability benefit is the sum of $377.00 per month. The parties understand that said benefit may be decreased immediately upon the termination of the parties' marriage. The payment of said amount is as and for a distributive award to Plaintiff from Defendant's property.

{4} The court found although there was no specific evidence presented, apparently, appellee's disability benefit had decreased from $377.00 during the parties'

marriage to approximately $280.00 per month upon the parties' divorce. The trial court further found appellee paid appellant $140.00 per month, which was half his VA Disability monthly benefit after the parties' divorce. Shortly after the divorce, appellee requested a re-evaluation of his VA Disability monthly benefit, and it was increased to approximately $400.00 as a result of his worsening health condition. In September 2010, appellee requested another re-evaluation and his monthly benefit increased to $899.00.

{5} Appellant argued appellee was in contempt because he had not paid one-half of his current, increased VA Disability monthly benefits to her. The trial court disagreed. The court found the parties' divorce decree was silent as to any increase, although it contemplated the benefit might decrease because of the divorce. The court found when asked what her understanding was as to any increase at the time of the divorce decree, appellant responded she could not answer that.

{6} The trial court concluded the judgment entry decree of divorce does not require the appellee to pay one-half of the increase in his VA Disability monthly benefit.

{7} We agree. The increased benefit appellee received was because of the changes in his medical condition after the parties' divorce.

{8} Further, the decree states the payment to appellant is a distributive award from appellee's property. If the award to appellant is a distributive award, it must be considered a fixed sum. R.C. 3105.171(A)(1) defines "distributive award" as: "* * * any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that

are not made from marital property and do not constitute payments of spousal support * * * ."

{9} A distributive award is not subject to modification by the court except upon the express written consent or agreement to the modification by both spouses. R.C. 3105.171 (I). Nonetheless, while a trial court does not have jurisdiction to modify a property division, it has the power to clarify and construe its original property division so as to effectuate the judgment. *Perkins v. Perkins*, 5th Dist. No. 10 CAF 110090, 2011 -Ohio- 2141 ¶48, citations deleted.

{10} We find the trial court did not err in finding appellee was not in contempt of court. The assignment of error is overruled.

{11} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

[Cite as *Leclair v. Leclair*, 2012-Ohio-1004.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DIANNA LECLAIR | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAN LECLAIR | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-74 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE