[Cite as *Ware v. Ware*, 2014-Ohio-2606.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KENT WARE | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 13 CA 91 |
| BARBARA WARE | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 10 DR 554 RPW

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 16, 2014

APPEARANCES:

For Plaintiff-Appellant

EUGENE R. BUTLER
145 Rich Street, Second Floor
Columbus, Ohio 43215

For Defendant-Appellee

PAUL GIORGIANNI
1538 Arlington Avenue
Columbus, Ohio 43212-5550

*Wise, J.*

{¶1}. Appellant Kent Ware appeals the decision of the Court of Common Pleas, Domestic Relations Division, Licking County, which granted his complaint for divorce from Appellee Barbara Ware. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant and appellee were married in November 19, 1983 in Colorado. Three children were born of the marriage, two of whom were emancipated as of the commencement of the present appeal.

{¶3}. On April 7, 2010, appellant filed a complaint for divorce in the trial court. Appellee filed an answer on May 6, 2010.

{¶4}. The case proceeded to a trial on June 18, 2012. The court first heard the testimony of pension expert Brian Hogan of QDRO Consultants in Medina Ohio, followed by the testimony of appellant and appellee.

{¶5}. The basic economic situation of the parties herein is not in factual dispute. Appellee is employed by Mt. Carmel Health Systems as a registered ER nurse. Appellant commenced employment in 1985 with the Ohio Department of Health and has been a participant in the Ohio Public Employment System ("PERS") since that time. However, in November 2001, appellant fell from a roof and broke several ribs and two vertebrae, resulting in two spinal fusion surgeries. He has since been diagnosed with chronic low back pain and arachnoiditis. He was placed on permanent disability status by PERS on November 17, 2011, while the parties' divorce was pending in the trial court. He is subject to annual medical re-evaluation.

{¶6}. The trial court issued a final decree of divorce on September 17, 2013. No spousal support was ordered. As further addressed infra, the trial court further made

orders regarding the PERS pension benefits, although it retained subject matter jurisdiction over the matter "in order to achieve an equitable allocation of plaintiff's PERS retirement consistent with this decision." Divorce Decree at 19.[1] In sum, the trial court set forth $1,653,614.09 in marital assets, the largest being appellant's PERS pension. The trial court awarded all of the smaller marital assets to appellee, including both appellant's and appellee's deferred compensation accounts, and divided the PERS pension such that a near-50/50 division was accomplished as to the aggregate marital property.

{¶7}. On October 8, 2013, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

{¶8}. "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DIVIDING THE DISABILITY PENSION BENEFIT.

{¶9}. II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DIVIDING THE VACATION AND SICK LEAVE OF MR. WARE AND IN FAILING TO DIVIDE THE VACATION AND SICK LEAVE OF APPELLEE.

{¶10}. III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO RETAIN JURISDICTION OVER THE ISSUE OF SPOUSAL SUPPORT.

{¶11}. IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ORDER SPOUSAL SUPPORT."

---

[1] According to R.C. 3105.171(I), "division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." Neither party appears to presently challenge the retention of jurisdiction over the property division.

I.

{¶12}.  In his First Assignment of Error, appellant contends the trial court erred and/or abused its discretion in dividing appellant's PERS pension. We disagree.

{¶13}.  An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *See Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial court has broad discretion to develop some measure of value. *See Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183. Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* Franklin App.No. 08AP–27, 2008–Ohio–6121, ¶ 18 citing *Berish, supra.* Generally, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010–Ohio–3489, 936 N.E.2d 1013, ¶ 16, citing *Cross Truck Equipment Co. v. Joseph A. Jeffries Co.* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

{¶14}.  "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion." *Valentine v. Valentine* (Jan. 10, 1996), Ashland App.No. 95COA01120, citing *Peck v. Peck* (1994)

96 Ohio App.3d 731, 734, 645 N.E.2d 1300. Specifically, "[w]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, paragraph one of syllabus.

{¶15}.  Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall *** determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * *"

{¶16}.  R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶17}.  The fair and equitable division of pension or retirement benefits in a divorce matter in Ohio is left to the trial court's discretion. *Hoyt*, *supra*, at paragraph one of the syllabus. Pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. *Id.* at 178.

{¶18}.  In the case sub judice, the trial court determined the total present value of the PERS benefits to be $1,073,048.09, based on one of the scenarios Hogan ran in his trial testimony. The trial court designated this entire amount as "Plaintiff's OPERS"

under the heading of marital property on its distribution chart attached to the divorce decree. See Trial Court's Attachment "B." This figure essentially represents the present value of the PERS pension benefits appellant will receive starting at age 60, applying an actuarial figure and assuming he will stay on PERS disability until that age.

{¶19}. Specifically, appellant's first monthly PERS disability payment was made on December 1, 2011, in the amount of $5,003.43. Hogan calculated that the monthly amount would grow to $6,204.25 per month by the time appellant turns 60 in 2019, using a set annual cost-of-living adjustment. Hogan then annualized the monthly benefit ($6,204.25 times 12) and multiplied that figure by an actuarial factor of 14.1114 for a non-social security disabled male, and added an administrative cost load of $22,440.25 to reach the aforesaid $1,073,048.09. See Defendant's Exhibit A.

{¶20}. Appellant commences his argument by proposing that his PERS benefit consists of two parts: The "normal" retirement benefit component, which appellant concedes is marital property, and the "wage replacement" component, which appellant urges is separate property. Appellant's Brief at 12. Appellant notes that under the provisions of the disability plan applicable to him, PERS granted him an additional period of roughly eight years of "instant service credit" (*see* R.C. 145.36) when he went on disability at age 52, reflective of the number of years left until age 60, when he would likely have begun his PERS retirement, but for his disability.

{¶21}. In support, appellant directs us to, inter alia, *Henderhan v. Henderhan*, 5th Dist. Stark No. 2001CA00330, 2002-Ohio-2674, and a case this Court therein recited, *Elsass v. Elsass*, 2nd Dist. Green Nos. 93-CA-0005, 93-CA-0016, 1993 WL 541610. In *Elsass*, the Second District Court of Appeals adopted a general rule set forth in the

article entitled <u>Principles and Guidelines for the Division of Property in Actions for Divorce in Ohio</u> (Mar.1981), 54 Ohio Bar 491, 505, indicating that disability benefits are not marital property unless they are accepted by the retiree in lieu of retirement pay, in which case they are marital property to the extent that retirement pay value is included therein. (Internal quotations omitted).

{¶22}. We note the parties in this appeal are not disputing that appellant is entitled to his post-divorce PERS benefits between the ages of 52 and 60 as his separate property. Appellant's reliance on *Elsass* is essentially a steppingstone to his chief argument: that the trial court erred in failing to apply a coverture fraction to his "post-retirement age" (i.e., after age 60) PERS valuation, assuming we accept the aforesaid $1,073,048.09 calculation.

{¶23}. A coverture fraction, stated mathematically, is as follows: "The numerator of the coverture fraction is the number of years the appellant participated in the pension plan during the marriage and the denominator is the total number of years the appellant participated in the plan." *Ferris v. Ferris*, 5th Dist. Fairfield 00 CA 58, 2001 WL 194779.

{¶24}. In the case sub judice, appellant commenced employment with the State of Ohio in 1985, after the parties were married. If we consider his termination date of employment to be November 30, 2011, the end of the month in which he became eligible for PERS disability, then his entire public service career was within the confines of the marriage, with ended June 18, 2012 per the decree; in that case, the coverture fraction has no effect. However, appellant chiefly contends the approximately eight-year instant service credit (reflecting the period of his date of disability eligibility until his 60th birthday in 2019) should be added to the denominator, i.e., appellant's total time of

employment under the plan, resulting in a coverture fraction of .787 to be applied to the $1,073,048.09 figure.

{¶25}. The case appellant cites in support, *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, does not mandate that we follow appellant's coverture theory in the present case. *Thompson*, which did not involve instant service credits, merely holds that it was not an abuse of discretion in that case for the trial court to utilize a coverture fraction methodology based on a calculated post-marriage increase in benefits for a teacher reaching thirty years under STRS. *Id.* at 778. Moreover, as a general rule, we note the Ohio Supreme Court has explained that "flat rules have no place in determining a property division." *See Hoyt* at 180, 559 N.E.2d 1292. We therefore find no basis to reverse, on an abuse of discretion standard, the trial court's refusal to apply a coverture fraction under the circumstances presented.

{¶26}. Appellant adds two additional arguments to the PERS division issue, urging that it was error for the trial court to order him (1) to designate appellee as his sole beneficiary for any pre-retirement survivor benefits and (2) to elect a joint survivor annuity benefit, where the PERS valuation assumed a single life annuity.

{¶27}. Regarding appellant's first issue, R.C. 145.43(B) states as follows in pertinent part: "Except as provided in division (C)(1) of section 145.45 of the Revised Code, should a member die before age and service retirement, the member's accumulated contributions and any applicable amount calculated under section 145.401 of the Revised Code, shall be paid to the person or persons the member has designated under section 145.431 of the Revised Code. ***." We note the Ohio Supreme Court generally recognized in *Hoyt*, *supra*, that "[t]o preserve the asset so that

each party can procure the most benefit, an award of full survivorship benefits under circumstances of a deferred distribution of a retirement asset may meet this goal." *Id.* at 185. Appellee responds, inter alia, that appellant failed to raise this issue to the trial court, even though it is referenced in appellant's proposed decree. In any case, we are unpersuaded that the order of designation of appellee as sole beneficiary of pre-retirement survivor benefits under the circumstances constituted an abuse of discretion.

**{¶28}.** Regarding appellant's second issue, appellee, citing R.C. 145.36, concedes that a "life with selected percentage to survivor plan" is permitted for age-and-service PERS retirees, but not for disability retirees, such as appellant. Thus, assuming no change in appellant's disability status, we find no prejudicial result to appellant warranting reversal. Furthermore, because the trial court took the extra step of maintaining jurisdiction over property division in this matter, appellant will be able to petition the court should circumstances change in this regard.

**{¶29}.** Upon review, we are unpersuaded that the trial court abused its discretion in its distribution of property, particularly the PERS pension benefits, as urged by appellant.

**{¶30}.** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶31}.** In his Second Assignment of Error, appellant argues the trial court erred in its treatment of the vacation and sick leave amounts of the parties. We disagree.

**{¶32}.** In the case sub judice, the trial court awarded to appellee "one-half of the [appellant's] vacation and sick leave accumulated as of December 31, 2011." Decree at 19. Appellant herein maintains that no evidence supports the trial court's finding that

appellant even has any sick or vacation leave available. On the other hand, appellant insists that appellee's testimony reveals she has such benefits, worth approximately $4,000.00, but the trial court failed to include these assets in its division of the parties' property.[2]

{¶33}.  In conducting our review, we are guided by the presumption that the trier of fact is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony. *See Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Furthermore, this Court has expressed its reluctance to engage in piecemeal review of individual aspects of a property division taken out of the context of the entire award. *See Harper v. Harper* (Oct. 11, 1996), Fairfield App.No. 95 CA 56, citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 459 N.E.2d 896.

{¶34}.  While the reasoning for equally splitting appellant's amount of vacation and sick leave benefits while ignoring appellee's is not completely clear, it may simply have been the trial court's additional means of achieving equity between the parties, and in light of the entirety of the property division in this instance, we are unpersuaded that the trial court abused its discretion in such an order.

{¶35}.  Appellant's Second Assignment of Error is therefore overruled.

III.

{¶36}.  In his Third Assignment of Error, appellant contends that the trial court erred and/or abused its discretion in declining to retain jurisdiction over the issue of spousal support. We disagree.

---

[2]   A rough calculation indicates that this figure constitutes less than three-tenths of one percent of the total value of the marital assets.

**{¶37}.** R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal-support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. *Smith v. Smith* (Dec. 31, 1998), Lucas App. No. L–98–1027, 1998 WL 904941, citing *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 331, 623 N.E.2d 1294.

**{¶38}.** This Court has previously held that a trial court errs in reserving jurisdiction over the issue of spousal support after finding that spousal support was not appropriate or reasonable. *See Vona v. Vona*, 5th Dist. Stark No. 00-CA-00040, 2001 WL 109368; *Long v. Long* (July 24, 2000), Stark App. No. 1999CA00388, 2000 WL 1027285. We find no compelling reasons to presently deviate from our precedent on this issue.

**{¶39}.** We are therefore unpersuaded the trial court abused its discretion in its decision to not retain jurisdiction over spousal support.

**{¶40}.** Appellant's Third Assignment of Error is therefore overruled.

IV.

**{¶41}.** In his Fourth Assignment of Error, appellant contends that the trial court erred and/or abused its discretion in failing to award spousal support to him.

**{¶42}.** Appellant originally presented this assigned error as "conditional." In our review of appellee's response brief and appellant's reply brief, the parties appear to now have stipulated that redress of this issue is not necessary based on the timing of the actual commencement of payment of the divided PERS benefits.

**{¶43}.** We therefore will not further address appellant's Fourth Assignment of Error.

**{¶44}.** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, J., concurs.

Hoffman, P. J., concurs separately.

JWW/d 0604

*Hoffman, P.J., concurring*

{¶45} I concur in the majority's general analysis and disposition of Appellant's four assignments of error.

{¶46} I write separately only to note I do not believe the trial court's retention of jurisdiction over the division of Appellant's PERS retirement benefits is valid. I would not use the trial court's attempted retention of jurisdiction as justification for overruling Appellant's first assignment of error.