[Cite as *Ware v. Ware*, 2014-Ohio-5410.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KENT WARE

    Plaintiff-Appellant

-vs-

BARBARA WARE

    Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 14 CA 28

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 10 DR 554 RPW |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 4, 2014 |


APPEARANCES:

For Plaintiff-Appellant

EUGENE R. BUTLER
EUGENE R. BUTLER CO. LPA
145 East Rich Street, Second Floor
Columbus, Ohio 43215

For Defendant-Appellee

PAUL GIORGIANNI
GIORGIANNI LAW LLC
1538 Arlington Avenue
Columbus, Ohio 43212-2710

*Wise, J.*

{¶1}. Appellant Kent Ware appeals the decision of the Court of Common Pleas, Domestic Relations Division, Licking County, which issued a nunc pro tunc Qualified Domestic Relations Order ("QDRO") following his divorce from Appellee Barbara Ware. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant and appellee were married on November 19, 1983 in Colorado. Three children were born of the marriage.

{¶3}. On April 7, 2010, appellant filed a complaint for divorce in the trial court. Appellee filed an answer on May 6, 2010.

{¶4}. Appellant has been a participant in the Ohio Public Employees Retirement System ("PERS") since his commencement of employment in 1985 with the Ohio Department of Health. Due to physical injuries, PERS placed appellant on permanent disability status, subject to annual medical re-evaluation, on November 17, 2011.

{¶5}. The parties' divorce case proceeded to a trial on June 18, 2012. The evidence presented included the testimony of appellant and appellee, as well as pension expert Brian Hogan of QDRO Consultants in Medina, Ohio.

{¶6}. The trial court issued a final decree of divorce on September 17, 2013. Among other things, the trial court made orders regarding PERS pension benefits and appellant's Ohio Deferred Compensation Program account. During the divorce trial, the parties had stipulated in writing that this deferred compensation account had a value of $168,189.00 as of December 31, 2011. The decree specifically states: "The defendant [Appellee Barbara] shall be awarded, free and clear of any further claim of the plaintiff [Appellant Kent], the Ohio Deferred Compensation account which had an account

balance of $168,189. Within 60 days, plaintiff's attorney shall prepare and submit to the Court a qualified order to transfer this account to the defendant." Divorce Decree at para. 12.

{¶7}. On October 18, 2013, appellant filed a direct appeal from the divorce decree. On June 16, 2014, this Court, with one Judge concurring separately, affirmed the decision of the trial court granting a divorce to the parties. *See Ware v. Ware*, 5th Dist. Licking No. 13-CA-91, 2014-Ohio-2606.

{¶8}. In the meantime, appellant's counsel did not submit a QDRO to the trial court for approval. Appellee's counsel finally prepared a QDRO that was approved by the trial court and filed on January 17, 2014. No appeal was taken by either side as to this first QDRO approval.

{¶9}. However, on March 20, 2014, appellee's counsel submitted, and the trial court approved, a nunc pro tunc QDRO, eliminating a portion of one sentence and effectively allowing the distribution to appellee of the entire deferred compensation account balance.

{¶10}. On April 21, 2014, appellant filed a notice of appeal regarding the second QDRO. He herein raises the following two Assignments of Error:

{¶11}. "I. THE TRIAL COURT ERRED IN ISSUING A NUNC PRO TUNC ENTRY THAT MADE A SUBSTANTIVE CHANGE TO THE PROPERTY DIVISION ORDERED IN THE FINAL JUDGMENT DECREE OF DIVORCE AND IN THE PRIOR QDRO.

{¶12}. "II.  THE TRIAL COURT ERRED IN AWARDING INVESTMENT GAINS OR LOSSES WHERE THE DECREE DID NOT AWARD INVESTMENT GAINS OR LOSSES."

I., II.

{¶13}. In his First and Second Assignment of Errors, Appellant Kent contends the trial court erred in issuing the nunc pro tunc QDRO of March 20, 2014, thereby "awarding" Appellee Barbara any investment gains subsequent to the termination date of the marriage. We disagree.

{¶14}. A QDRO is an order that "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." *State ex rel. Sullivan v. Ramsey,* 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, ¶ 18, citing the Employee Retirement Income Security Act of 1974, Section 1056(d)(3)(B)(i)(I), Title 29, U.S.Code, and Section 414(p)(1)(A)(i), Title 26, U.S.Code. A QDRO is not an independent judgment entry of the court, but is rather an enforcement mechanism pertaining to a trial court's previous judgment entry of divorce or dissolution.  *See Himes v. Himes*, 5th Dist. Tuscarawas No. 2004AP-02-0009, 2004-Ohio-4666, ¶19. A QDRO is an unusual court order in that it is ultimately subject to a definitive interpretation by the plan administrator pursuant to the ERISA statutes. *See Hoyt v. Hoyt*, 53 Ohio St.3d 177, 180 (1990).

{¶15}. As an initial matter, we note the Ohio Public Employees Deferred Compensation Program ("OPEDCP") has purportedly already liquidated the deferred

compensation account in question and distributed the proceeds to appellee. However, in the interest of justice, we will proceed to the merits of the present appeal.

{¶16}. In the case sub judice, the earlier January 17, 2014 QDRO filed in the trial court provided in pertinent part as follows:

{¶17}. "**6. Amount of Benefit to be Paid to Alternate Payee:** The Alternate Payee [Appellee Barbara] shall be awarded and assigned one hundred percent (100%) of the Participant's [Appellant Kent's] Total Account Balance accumulated under the Plan *as of June 1, 2012, (or the closest valuation date thereto) plus any interest and investment earnings or losses attributable thereon subsequent to the date of acknowledged receipt of this order by OPEDCP, until the date of total distribution.* Such Total Account Balance shall include all amounts maintained under all of the various accounts and/or investment funds established on behalf of the Participant. ***."

{¶18}. (Emphasis added).

{¶19}. On March 20, 2014, the trial court adopted and filed the nunc pro tunc QDRO, which was identical to the January 17th QDRO, except that the above italicized section was deleted.[1] The second QDRO thus reads in pertinent part as follows:

{¶20}. "**6. Amount of Benefit to be Paid to Alternate Payee:** The Alternate Payee [Appellee Barbara] shall be awarded and assigned one hundred percent (100%) of the Participant's [Appellant Kent's] Total Account Balance accumulated under the Plan. Such Total Account Balance shall include all amounts maintained under all of the various accounts and/or investment funds established on behalf of the Participant. ***."

---

[1] Although it is not necessary herein to delve into the issue, appellee maintains that OPEDCP guidelines do not permit retroactive dividing or segregation of accounts in response to QDROs.

{¶21}. Where an original QDRO varies from the divorce decree and adds substantive provisions not present in the decree, a nunc pro tunc entry is a proper method to reflect what the court has ordered. *See Patten v. Patten*, 4th Dist. Highland No. 10CA15, 2011-Ohio-4254, ¶ 17. We have similarly recognized that while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. *Flint v. Flint*, 5th Dist. Delaware No. 11-CAF-11-102, 2012-Ohio-3379, ¶ 10, citing *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 24, 759 N.E.2d 431. Such a clarification is reviewed under a standard of abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶22}. In the case sub judice, we find the issue before us is simply whether or not the nunc pro tunc QDRO more accurately functions as the enforcement mechanism of the terms of the decree. *See Himes*, *supra*. As noted in our recitation of facts, the divorce decree clearly awards appellee the entire deferred compensation account, "free and clear" of any further claim of appellant. Moreover, the "account" was to be awarded to appellee via a QDRO, not a particular dollar amount. Admittedly, the decree states the account "had" a balance of $168,189.00, in reference to the balance as of December 31, 2011, but this is purely informational; under the decree, the account is not meant to be divided between the parties, nor is there any indication that appellant is entitled to keep a remainder of the account or any investment growth.

{¶23}. Accordingly, upon review, we are unpersuaded the trial court abused its discretion in its issuance of the nunc pro tunc QDRO as a means of properly effectuating its orders regarding the distribution of property in the parties' divorce.

{¶24}. Appellant's First and Second Assignments of Error are therefore overruled.

{¶25}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1117