[Cite as *Sheterom v. Sheterom*, 2018-Ohio-3377.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JAMES A. SHETEROM | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17 CAF 12 0080 |
| CHERYL A. SHETEROM | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware County
                                                      Court of Common Pleas, Domestic
                                                      Relations Division, Case No. 15 DR B 09
                                                      0360

JUDGMENT:                                    Affirmed in part; Reversed and Remanded
                                                      in part

DATE OF JUDGMENT ENTRY:        August 22, 2018

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

KENNETH MOLNAR                          CRAIG TRENEFF
21 Middle Street                              ANDREA COZZA
P.O. Box 248                                    155 Commerce Park Drive, Suite 5
Galena, OH 43021                            Westerville, OH 43082

*Gwin, J.*

{¶1} Appellant appeals the November 29, 2017 divorce decree of the Delaware County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2} Appellant Cheryl Sheterom and appellee James Sheterom were married on November 19, 1996. The parties had no children together. In the summer of 2015, appellee left the marital home. Appellee then lived with his daughter and appellant continued to reside in the marital home. Appellee filed a complaint for divorce on September 16, 2015. Appellant filed her answer and counterclaim for divorce on October 12, 2015. Pursuant to the temporary orders issued in the case, appellee paid the mortgage, line of credit, taxes, and insurance for the marital residence during the pendency of the case.

{¶3} The magistrate conducted a trial on May 16 and May 17 of 2017. Appellee testified he is seventy-seven years old and is currently living with his daughter. He left the marital home in 2015. Appellee retired on January 1, 2005. Appellee receives pension income from Pfizer of $44,742 per year and Social Security of $28,427 per year. Appellee stated the pension evaluators placed a present value on his retirement account of $434,609.37, with $133,309.47 of it being the marital portion subject to equitable distribution. Further, that the marital present value of his Social Security is $102,669.13. It is appellee's understanding that the pension evaluators placed a valuation on appellant's OPERS pension of $725,565.39, the marital portion being $589,049.54. Appellee testified that since he left the marital home, he paid the mortgage, line of credit, taxes, and insurance for the marital home.

**{¶4}**    Appellant testified she is currently sixty-nine years old and is employed at Columbus Public Health.  Appellant's yearly pay is $80,541 and she currently receives Social Security spousal benefits in the amount of $1,191 per month based on appellee's receipt of his own Social Security.  Appellant stated she has her appointment to start retirement on May 22, but it is not her retirement date.  Appellant testified her retirement date could be anywhere from two months to six months from that date and thus her retirement date is unknown.  Appellant stated that, once she retires, her OPERS retirement will impact what she can collect from Social Security.  Appellant confirmed the pension evaluators put a present value on her OPERS retirement account of $589,049.54 in martial funds and $725,565.39 overall.

**{¶5}**    Appellant testified that, since appellee left the marital home, she is paying the utilities, and appellee is paying the mortgage, line of credit, taxes, and insurance for the marital home.  Appellant stated that her daughter lives with her in the marital home and is not paying rent.  Appellant's daughter has lived in the marital home for six years.  Appellant testified appellee should continue to pay the mortgage, line of credit, taxes, and insurance because she does not have the money to pay.  Appellant stated that she has unused vacation hours that she will receive a check for when she retires.

**{¶6}**    The parties each testified to credit card debt and each testified extensively as to the personal property items in the marital home.

**{¶7}**    The magistrate issued a decision on July 25, 2017. The parties were unable to agree on how to divide over 200 items of personal property, so the magistrate divided those items.  The magistrate further:  ordered the parties to alternate who pays the mortgage on the marital home; ordered that no adult, other than the parties, shall live in

the marital home without paying reasonable rent based on a "room" figure according to the realtor's recommendation; ordered the parties should split the rent; and ordered appellant's OPERS retirement to be divided via a division of property order with appellee as the alternate payee to receive $227,870.03 plus additions or deletions. Additionally, the magistrate considered the statutory factors and determined an award of spousal support was not appropriate for the time being, but that an award of spousal support in the amount of $800 per month is appropriate and equitable upon appellant's retirement.

{¶8}    Appellant filed objections to the magistrate's decision on August 8, 2017 and appellee filed objections to the magistrate's decision on August 31, 2017.

{¶9}    The trial court issued a judgment entry on October 24, 2017. The trial court, in pertinent part: overruled appellant's objection to the magistrate's finding that the parties each bear the cost of paying the mortgage while the house is listed for sale; modified the magistrate's order, finding it more equitable to require appellant to pay the mortgage and utilities while she occupies the martial residence because she earns more than appellee and has been living in the marital residence rent-free since 2015, but also finding if appellant moves out of the marital home, then each party should take turns paying the mortgage and utility payments; overruling appellant's objection to the magistrate's finding that the parties shall require any other adult residing in the marital residence prior to its sale pay reasonable rent to the parties; overruled appellant's objection to the magistrate's finding that appellant's OPERS retirement be divided with appellee as an alternate payee with appellee receiving $227,870.03 plus additions and/or deletions that would be attributed from August 24, 2016 to the date of the distribution of the account; overruled appellant's objection arguing that the magistrate erred by utilizing present values of

appellee's marital Pfizer pension and appellant's marital OPERS account to divide these retirement assets instead of treating the assets as income streams; overruled appellant's objection arguing the magistrate erred by failing to consider appellee's social security benefits when dividing the retirement accounts; and sustained appellant's objection to the magistrate's decision and stated it would include an order that appellee is not to change the beneficiary on his Pfizer joint and survivor benefit.

{¶10}    Additionally, the trial court found the magistrate erred by awarding appellant spousal support upon her retirement.  The trial court found that rather than hold a new hearing on the division of the OPERS account, it would reserve jurisdiction as to spousal support and the parties could present further information at that time.  The trial court noted it is possible that appellee will have a much higher income than appellant upon her retirement and thus appellant, upon her retirement, should be given the opportunity to show an award of spousal support is fair, reasonable, and equitable.  The trial court issued a divorce decree on November 29, 2017.

{¶11}    Appellant appeals the November 29, 2017 divorce decree and judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶12}    "I. THE COURT ERRED AND ABUSED ITS DISCRETION IN ITS TREATMENT OF DEFENDANT-APPELLANT'S OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM BENEFITS AND PLAINTIFF-APPELLEE'S PFIZER RETIREMENT BENEFITS AS PROPERTY VERSUS INCOME FOR SPOUSAL SUPPORT PURPOSES GIVEN THAT PLAINTIFF-APPELLEE IS RETIRED AND IN PAY STATUS AND DEFENDANT-APPELLANT'S RETIREMENT IS IMMINENT.

{¶13}  "II. THE COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFF-APPELLEE A PORTION OF DEFENDANT-APPELLANT'S OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM ACCOUNT.

{¶14}  "III. THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FAILING TO TAKE INTO ACCOUNT PLAINTIFF-APPELLEE'S MARITAL SOCIAL SECURITY BENEFITS AND OFFSET THEM AGAINST DEFENDANT-APPELLANT'S MARTIAL OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM BENEFITS PURSUANT TO OHIO REVISED CODE SECTION 3105.17(F)(9).

{¶15}  "IV. THE COURT ERRED IN FAILING TO ORDER PLAINITIFF-APPELLEE NOT CHANGE THE BENEFICIARY ON HIS PFIZER JOINT AND SURVIVOR BENEFIT.

{¶16}  "V. THE COURT ERRED IN AWARDING THAT ONLY REASONABLE, INEXPENSIVE REPAIRS NOT TO EXCEED $500 ARE TO BE DONE TO THE MARITAL RESIDENCE FOR SALE AND ONLY AT THE RECOMMENDATION OF THE REALTOR AND IN NOT ADDRESSING REPAIR COSTS FOR THE MARITAL RESIDENCE IN EXCESS OF $500.

{¶17}  "VI. THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ORDERING THAT SHE BE RESPONSIBLE FOR THE PAYMENT OF THE MORTGAGE (PRINCIPAL AND INTEREST), LINE OF CREDIT, TAXES, AND INSURANCE FOR THE MARITAL RESIDENCE SO LONG AS SHE RESIDES IN THE RESIDENCE WHILE PLAINTIFF-APPELLEE SHARES IN THE REDUCION OF PRINCIPAL DURING THE PERIOD DEFENDANT-APPELLANT PAYS THE EXPENSES.

{¶18} "VII. THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN AWARDING ONE-HALF OF RENT RECEIVED FROM A THIRD PARTY FOR RENTAL OF A ROOM IN THE MARITAL RESIDENCE TO PLAINTIFF-APPELLEE DURING THE PERIOD DEFENDANT-APPELLANT IS PAYING FOR THE ENTIRETY OF THE MORTGAGE, CREDIT LINE, TAXES, INSURANCE AND UTILITIES FOR THE MARITAL RESIDENCE."

I. & II.

{¶19} In her first and second assignments of error, appellant contends the trial court erred and abused its discretion in its treatment of appellant's OPERS benefits and appellee's Pfizer retirement benefits as property versus income for spousal support purposes and contends the trial court erred and abused its discretion in awarding appellee a portion of appellant's OPERS account in the division of property.

{¶20} Specifically, appellant argues that, in equalizing the present values of the marital OPERS and Pfizer retirements through an award to appellee of a portion of appellant's OPERS, this division of property causes financial strain on appellant, exacerbates the significant disparity of the income of the parties created by appellant's retirement, creates the need for more spousal support, and does not produce an equitable result.

{¶21} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable,

arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 975 (1983).

**{¶22}** In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *Rollins v. Rollins*, 5th Dist. Delaware No. 14 CAF 04 0018, 2014-Ohio-5441. Specifically, "when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms, and conditions of the pension or retirement plan, and the reasonableness of the result." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). R.C. 3105.171(C)(1) further states, "except as provided in this division * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. *Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984).

**{¶23}** The fair and equitable division of pension or retirement benefits in a divorce matter in Ohio is left to the trial court's discretion. *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). Pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. *Id.*

**{¶24}** Appellant cites *Hoyt v. Hoyt* in support of her position that the trial court abused its discretion in treating the OPERS and Pfizer retirement benefits as property

versus an income stream. 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). However, in *Hoyt*, the Ohio Supreme Court states the trial court has discretion in how to divide retirement assets. The Supreme Court specifically stated that "flat rules have no place in determining a property division" and "no specific rules can apply in every case." *Id*; see also *Ware v. Ware*, 5th Dist. Licking No. 13 CA 91, 2014-Ohio-2606. As noted by the trial court, it did not utilize the income stream methodology in its division because the Pfizer pension was earned primarily before the marriage, while the OPERS pension was earned primarily during the marriage, as 31% of appellee's pension is marital, while 81% of appellant's pension is marital. Further, appellant has other sources of income that will begin to distribute when she retires, but there is no evidence how much this will be.

{¶25} Instead, the trial court made findings as to the value of both parties' retirement accounts with a value date of August 24, 2016 and determined appellee's Pfizer pension is valued at $434,609.37 with $133,309.47 as marital property and appellant's pension is valued at $725,565.39 with $589,049.54 being marital property. The trial court then attempted to equalize the retirement accounts and appellee was awarded the full marital portion of the Pfizer account, plus $227,870.03 of the OPERS account, such that the division of the marital portion of the pensions was $361,179.50 to appellee and $361,179.51 to appellant. We do not find the trial court abused its discretion in this division.

{¶26} The balance of appellant's argument deals with the income of the parties and potential spousal support when she retires. As of the date of the hearing in this case, appellant had not retired. Appellant testified her retirement date could be anywhere from two months to six months from the date of the hearing and thus her retirement date is

unknown. Thus, issues regarding retirement income and spousal support are speculative. As this Court has stated, "our review * * * is limited to the evidence before the trial court at the time it made its decision." *Cunningham v. Cunningham*, 5th Dist. Knox No. 09-CA-25, 2010-Ohio-1397.

{¶27} Further, the trial court recognized that it is possible that appellee will have a much higher income than appellant upon her retirement and thus reserved jurisdiction over the issue of spousal support and specifically found that appellant, upon her retirement, should be given the opportunity to show an award of spousal support is fair, reasonable, and equitable.

{¶28} We find the trial court did not abuse its discretion in the treatment and/or the division of the Pfizer and OPERS retirement accounts. Appellant's first and second assignments of error are overruled.

III.

{¶29} In her third assignment of error, appellant argues the trial court erred by failing to take into account appellee's martial social security benefits and offset them against appellant's marital OPERS benefits pursuant to R.C. 3105.17(F)(9) when dividing the retirements between the parties.

{¶30} We find this case analogous to *Runser v. Runser*, 5th Dist. Stark Nos. 2010CA00258, 2010CA00317, 2011-Ohio-3327, in which the appellant argued that because appellee's social security benefits are not subject to division and appellant's PERS benefits are subject to division and were in fact divided by the trial court, the trial court abused its discretion in not offsetting the value of the social security benefits. In *Runser*, we cited *Obar v. Obar*, 5th Dist. Ashland No. 09 COA 018, 2010-Ohio-1333, in

which we held that R.C. 3105.171(F)(9) leaves it to the discretion of the trial court as to whether to consider these benefits in dividing a public pension. *Id.* In *Runser*, we specifically declined to overrule our decision in *Obar* and held that the trial court did not err by declining to set-off social security benefits against public pension benefits under the circumstances of that case. *Id.*

{¶31} We again decline to revisit or reconsider our position in *Obar* based upon the facts of this case. In this case, the trial court did consider appellee's social security benefits, but made a decision not to utilize a set-off methodology. The trial court noted the marital portion of appellee social security is valued at $102,669.13. The trial court found that while appellant testified she will receive social security of $492 per month when she retires and that this is a reduction in the amount she currently receives, there was no testimony as to the present value of her social security benefits. The trial court concluded that, without knowing the present value of appellant's social security benefits, it would be difficult to determine whether an offset should be applied. Further, that appellant has other income of an unknown amount, such as the Ameriprise accounts and a payout of unused vacation time. Thus, as in *Runser*, the trial court considered the testimony and evidence regarding social security benefits and did not find it appropriate to utilize an offset given the particular circumstances of this case. Like in *Runser,* we find no abuse of discretion by the trial court in determining the division of the retirement benefits. Appellant's third assignment of error is overruled.

IV.

{¶32} In her fourth assignment of error, appellant contends the trial court erred in failing to order appellee not change the beneficiary on his Pfizer joint and survivor benefit.

**{¶33}** In the trial court's judgment entry, the trial judge sustained appellant's objection to the magistrate's decision and indicated that to protect appellant's interest in the benefit, he would include an order that appellee not change the beneficiary on his Pfizer joint and survivor benefit. However, this language was not included in the divorce decree.

**{¶34}** At oral argument, counsel for both parties conceded that appellant shall remain the beneficiary on appellee's Pfizer joint and survivor benefit. Accordingly, we sustain appellant's fourth assignment of error and remand this matter to the trial court to include such language in the divorce decree.

V.

**{¶35}** On June 25, 2018, appellant filed with this Court a notice of withdrawal of assignment of error number 5.

VI. & VII.

**{¶36}** In her sixth assignment of error, appellant argues the court erred in ordering that she be responsible for the payment of the mortgage, line of credit, taxes, and insurance for the marital residence so long as she resides in the residence while appellee shares in the reduction of principal during the period appellant pays the expenses. In her seventh assignment of error, appellant contends the trial court erred in awarding one-half of the rent received from a third party for rental of a room in the marital residence to appellee during the period that appellant is paying for the mortgage, credit line, taxes, insurance, and utilities for the marital residence.

**{¶37}** A trial court has broad discretion in equitably dividing marital property. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). The trial court's

discretion in determining the division of marital property extends to a court's order to sell and divide the parties' equity in the marital residence. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). Upon appellate review, the trial court's division of marital property will be upheld unless the decision constitutes an abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). An abuse of discretion means the decision of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶38} Given the fact that appellant's income is higher than appellee's income and the fact that appellant has paid the mortgage, line of credit, taxes, and insurance for the marital residence for approximately two years, since 2015, we do not find the trial court abused its discretion in ordering that appellant be responsible for the mortgage, line of credit, taxes, and insurance for the marital residence so long as she resides in the residence and in ordering any rent obtained to be split between appellant and appellee. See *Espenschied v. Espenschied*, 5th Dist. Tuscarawas No. 2002AP030021, 2002-Ohio-5119. Further, we find no abuse of discretion in the trial court's order to split any rent received, as this is an equal distribution of the income. Appellant's sixth and seventh assignments of error are overruled.

{¶39} Based on the foregoing, appellant's first, second, third, sixth, and seventh assignments of error are overruled. Appellant's fourth assignment of error is sustained. Appellant's fifth assignment of error was withdrawn.

**{¶40}** The November 29, 2017 judgment entry of the Delaware Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed and remanded in part for proceedings consistent with our opinion.

By Gwin, J.,

Wise, John, P.J., and

Wise, Earle, J., concur

.