[Cite as *Earnest v. Earnest*, 2023-Ohio-1803.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  | JUDGES: |
|---|---|---|
| MICHAEL EARNEST | : | Hon. W. Scott Gwin, PJ. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22CA000022 |
| JULIE PERKINS EARNEST | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of Common Pleas, Domestic Relations Division, Case No. 21DV-01-0020


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 30, 2023


APPEARANCES:

For Plaintiff-Appellee

ALYSSE L. GILES
109 East High St.
Mt. Vernon, OH 43050

For Defendant-Appellant

KRISTIN E. BROWN
40 North Main Street
Mansfield, OH 44902

*Gwin, P.J.*

**{¶1}** Appellant appeals the September 14, 2022 judgment of the Knox County Court of Common Pleas, Domestic Relations Division, adopting appellee's proposed QDRO.

*Facts & Procedural History*

**{¶2}** Appellee Michael Earnest ("Husband") and appellant Julie Perkins Earnest ("Wife") were married on June 18, 1988. Husband filed a complaint for divorce on January 27, 2021.

**{¶3}** The parties, their counsel, the magistrate, and the trial court judge each signed an agreed judgment entry and decree of divorce that was filed on November 4, 2021. The parties agreed that the duration of the marriage for purposes of dividing the marital property was from June 18, 1988 until October 31, 2018.

**{¶4}** The original agreed judgment entry and decree of divorce contained a clerical error. The language in the "accounts" portion of the original judgment entry stated "Wife shall retain 50% of the statement balance, less $29.020, of Husband's FTP 401(k)." The parties agreed the correct number was $29,020, not $29.020. Upon Husband's motion, the trial court issued a nunc pro tunc entry on September 14, 2022, correcting the number. Each of the parties, their counsel, and the trial judge signed the nunc pro tunc entry.

**{¶5}** Specifically at issue in this appeal is the language contained in the divorce decree as it relates to Husband's 401(K). The divorce decree states as follows:

Wife shall retain 50% of the statement balance, less $29,020, of Husband's

FTP 401(k) as of 10/31/2018, and Husband shall retain the balance.

10/31/2018 shall be the valuation date. Husband is the Plan Participant and Wife is the Alternate Payee. Husband shall cause a QDRO to be prepared and filed to divide the retirement account. The parties shall share equally in the cost of preparation and filing of the QDRO.

Otherwise, each party shall retain any retirement benefits or accounts that they have accumulated in their individual names free and clear of any claim on the part of the other and each waives any interest in the other's retirement account. This includes Wife's right to retain her own retirement account.

{¶6} After the original agreed judgment entry and decree of divorce was filed in November of 2021, Husband filed a motion to show cause on December 15, 2021, seeking to hold Wife in contempt for the failure to sign the QDRO Husband had prepared in compliance with the divorce decree. On December 17, 2021, Husband filed a motion to adopt QDRO, asking the trial court to adopt his proposed QDRO. The QDRO prepared by Husband utilized the account balance as of 10/31/2018 ($183,309.47), divided it by two to obtain Wife's 50% share ($91,654.74), and then deducted $29,020 to obtain a final number of $62,634.74 to Wife.

{¶7} Husband's proposed QDRO provides as follows in the "Amount of Alternate Payee's Benefit" (Wife's) section:

(a) *Amount of Assignment*: This Order assigns to the Alternate Payee a portion of Participant's total vested account balance under the Plan in an amount equal to $62,634.74, effective as of October 31, 2018 (the "Assignment Date").

(b) *Investment Earnings*: The Alternate Payee's assigned share of the benefits shall **not** be subject to any interest and investment earnings or losses attributable thereon between the Assignment Date and the date this Order is approved as a QDRO.

(c) *Allocation of Benefits*: The Alternate Payee's assigned share of the benefits shall be allocated on a pro-rata basis among all of the Participant's accounts/investment funds maintained on the Participant's behalf under the Plan (but excluding the Participant's loan fund/account, if any).

(d) *Separate Accounting*: The Alternate Payee's share of the benefits described above shall be separately accounted for once this Order is approved. The fixed dollar amount awarded in Section 7(a) shall be credited with investment earnings or losses attributable thereon from the date the plan administrator approves this Order as a QDRO until the date of total distribution to the Alternate Payee.

{¶8} The trial court originally set the motions for hearing on January 31, 2022. Counsel for Wife filed a motion to continue the hearing. The trial court continued the hearing until May 9, 2022. A hearing was held on May 9, 2022, at which the trial court continued the hearing on all of the pending motions until September 14, 2022.

{¶9} The trial court held the hearing on September 14, 2022. First, the parties agreed that the nunc pro tunc entry appropriately corrected the clerical error in the original decree. Husband argued his proposed QDRO should be adopted. Wife's sole argument at the hearing was that her share should include interest between the Assignment Date of October 31, 2018, and the date the QDRO is approved. The trial court noted Wife's

objection, but stated that since the agreed judgment entry of the parties is silent as to earnings or losses, Wife did not have any claim to investment earnings from the division date until the date the QDRO is signed. The trial court signed and filed Husband's proposed QDRO on September 14, 2022.

{¶10} Wife appeals the September 14, 2022 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED BY ADOPTING A QDRO THAT DID NOT COMPLY WITH THE PARTIES' DECREE OF DIVORCE."

I.

{¶12} In her first assignment of error, Wife argues the trial court committed error in adopting the QDRO proposed by Husband because it does not comply with the parties' agreed judgment entry and decree of divorce. Wife contends since the decree is silent on the issue of gains and losses, it was ambiguous, and the court should have looked to the parties' intent. Wife believes the intent of the parties is demonstrated by the fact that the parties did not use a specific dollar amount, and the 50% division was to account for market fluctuations.

{¶13} A QDRO is an order that "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214. A QDRO is "an enforcement mechanism pertaining to a trial court's previous judgment entry of divorce or dissolution." *Ware v. Ware*, 5th Dist. Licking No. 14 CA 28, 2014-Ohio-5410.

**{¶14}** It is well-established that a trial court lacks jurisdiction to modify a property division, including the distribution of a retirement plan, after the issuance of a judgment entry and decree of divorce. R.C. 3105.171(I). However, the trial court retains broad jurisdiction to clarify and construe its original property division so as to effectuate the judgment. *Oberst v. Oberst*, 5th Dist. Fairfield No. 09-CA-54, 2010-Ohio-452.

**{¶15}** Because the divorce decree in this case incorporates an agreed judgment entry, the determination of the above involves the application of the general rules of contract interpretation. *Keller v. Keller*, 5th Dist. Delaware No. 18 CAF 01 0008, 18 CAF 01 0009, 18 CAF 01 0010, 2018-Ohio-3141. Where an ambiguity is complained of and where the parties dispute the meaning of clauses in the agreement, it is the duty of the court to examine the contract and determine whether an ambiguity exists. *Id.* If an ambiguity does exist, the court has a duty and the power to clarify and interpret such clauses by considering the intent of the parties as well as the fairness of the agreement. *State ex rel. Summitville Tires, Inc. v. Industrial Comm. Of Ohio*, 10th Dist. Franklin No. 05AP-1155, 2007-Ohio-140. However, if the terms of the decree are unambiguous, then the courts must apply the normal rules of construction. *Id.* The determination of whether an ambiguity exists is a question of law to which we apply a de novo standard of review. *Barnes v. Barnes*, 5th Dist. Stark No. 2003CA00383, 2005-Ohio-544.

**{¶16}** Wife contends the decree and agreed judgment entry are ambiguous because they are silent on the issue of gains and losses. However, mere silence on an issue or a failure to address it does not create an ambiguity where none otherwise exists. *Keller v. Keller*, 5th Dist. Delaware No. 18 CAF 01 0008, 18 CAF 01 0009, 18 CAF 01 0010, 2018-Ohio-3141; *Pierron v. Pierron*, 4th Dist. Scioto Nos. 07CA3153, 07CA3159,

2008-Ohio-1286. In this case, the parties did not specify in the agreed judgment entry whether Wife's portion of Husband's retirement account was subject to earnings or losses between the assignment date (October 31, 2018) and the date the QDRO was approved. However, the mere absence of this language does not create an ambiguity.

{¶17} We find no ambiguity in the divorce decree incorporating the agreed judgment entry. The decree provides Wife should retain 50% of the statement balance, less $29,020, of Husband's 401(K) as of 10/31/2018. While the parties could have agreed to include a clause that Wife's portion was subject to earnings or losses between October 31, 2018 and the QDRO approval date, they did not. Rather, the decree specifically states Husband "shall retain the balance" after Wife receives 50% of the statement balance, less $29,020. As such, we find the QDRO the trial court adopted accurately reflects the divorce decree and agreed judgment entry, and does not violate R.C. 3105.171(I).

{¶18} We find caselaw supports this analysis. In *Ware v. Ware*, we determined that when a decree awarded a party a percentage of a retirement account without language that Husband was entitled to any investment growth, the trial court did not commit error adopting a nunc pro tunc QDRO that deleted an earnings/losses provision. 5th Dist. Licking No. 14 CA 28, 2014-Ohio-5410; see also *Nowinski v. Nowinski,* 5th Dist. Licking No. 10 CA 115, 2011-Ohio-3561 (holding that when a decree is silent as to losses and gains, the dollar amount should be award without gains or losses). The Twelfth District has issued a similar opinion, finding when the divorce decree ordered an equal division of the Husband's 401(K) and there was no language in the decree indicating Wife was entitled to any profit or loss, the Wife was not entitled to dividends, gains, or losses attributable to her portion of the 401(K) stock while the plan was under Husband's control

because such allocation was not provided in the divorce decree. *Merz-Oliver v Oliver*, 12th Dist. Clermont No. CA2002-04-031, 2003-Ohio-712.

{¶19} Additionally, as to Wife's argument that a plain reading of the agreed entry and decree would result in unfairness or inequity, the fact that Husband's retirement funds have grown in value does not render the terms of the decree unfair. *Brown v. Brown*, 5th Dist. Fairfield No. 08-CA-64, 2009-Ohio-3832. Further, the question of any perceived inequity is not relevant to the issue of whether the decree was ambiguous on its face. *Keller v. Keller*, 5th Dist. Delaware No. 18 CAF 01 0008, 18 CAF 01 0009, 18 CAF 01 0010, 2018-Ohio-3141.

{¶20} Wife cites Warren County Local Rule 6.9(B)(2)(b) in support of her argument. The rule provides that, unless otherwise agreed, the alternate payee's share of the benefits shall be credited with investment earnings and/or losses from the date of division until distribution. However, in this case, the complaint for divorce, agreed judgment entry, and the QDRO were all filed in Knox County. Knox County does not have a local rule analogous to the rule in Warren County.

{¶21} Wife also cites several cases in support of her argument. However, we find them all distinguishable from the instant case because the facts and issues in those cases are different from those in this case. *Tekamp v. Tekamp*, 12th Dist. Warren No. CA2018-08-092, 2019-Ohio-2392 (deals directly with the Warren County Local Rule, but Knox County does not have an analogous rule); *Folberth v. Folberth*, 12th Dist. Butler Nos. CA2021-05-047, CA2021-05-049, 2022-Ohio-3384 (deals with whether capital gains from a spouse's separate property can be used to determine income for spousal support; spousal support is not at issue in this case); *Asbury v. Asbury*, 3rd Dist. Paulding No. 11-

08-02, 2008-Ohio-2609 (appellate court found the trial court committed error by failing to consider passive gains on the non-marital portion of retirement account accrued prior the marriage, which is not at issue in this case); *Merril v. Pajak*, 9th Dist. Wayne No. 01CA0030, 2002-Ohio-314 (appellate court found the trial court impermissibly restricted assets to Wife to compensate for the insufficiency of the assets in the IRA accounts due to the length of time it took for the parties to draft and sign the QDRO; insufficiency of assets are not an issue in this case).

**{¶22}** Based on the foregoing, we find the trial court did not commit error in adopting Husband's proposed QDRO. Wife's assignment of error is overruled.

**{¶23}** The September 14, 2022 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.

Wise, J., and

King, J., concur